### DAVIS *v.* FLOWERS.

The exception is to a judgment in a proceeding to punish a respondent for contempt of court, in refusing to comply with a decree rendered in a suit for specific performance of a contract for sale of land. The judge

31

did not err, on consideration of the terms of the decree and evidence offered at the hearing, in discharging the respondent.

No. 3849. February 13, 1924. Rehearing denied February 26, 1924.

Rule for contempt. Before Judge Hutcheson. DeKalb superior court. May 19, 1923. See 154 *Ga.* 260.

On February 10, 1920, A. O. Davis instituted an action against J. E. Flowers, for specific performance of a written contract for the sale of land. The petition alleged that the defendant owned the land, "subject to certain encumbrances fully set forth in bond for title from J. R. Smith and J. H. Ewing to said J. E. Flowers," and contained as an exhibit a copy of the contract. The contract was dated June 2, 1919, and, so far as necessary to be stated, was as follows: "Received of A. O. Davis . . fifty and 00/100 dollars as part of the purchase-money on the following described property [the property was fully described], . . subject to the titles being good, for the sum of $22,500, . . to be paid as follows: $5000 cash. Assume three notes of $5000 each, due in one, two, and three years at 6%, and give one note for $2500 due in one year from date, to read on or before. . ." The petition in referring to the contract alleged that the agreement of the defendant was to convey the real estate to the plaintiff in consideration of the cash payment of $5000, and delivery of the specified note to the defendant for $2500 due one year from date, and "the *assumption* of three notes of five thousand ($5000) dollars, each due in one, two, and three years *from their respective dates* [italics ours] at 6% interest." The answer of the defendant admitted so much of the petition as is stated above, but denied other allegations relating to performance of the contract by the petitioner and the defendant's refusal to perform. On November 10, 1921, a jury returned a general "verdict for plaintiff." On December 16, 1922, the judge rendered a decree which provided "that the contract . . stated . . as the foundation for said suit be specifically performed, and the defendant, J. E. Flowers, is hereby required to comply with the terms of said contract, . . on the payment of the sum of five thousand ($5000) dollars cash; the assumption of three (3) notes for five thousand ($5000) dollars each, due in one, two and three years, at 6% per annum, signed by J. E. Flowers, payable to J. R. Smith & J. H. Ewing, and the giving of one note for twenty-five hundred ($2500) dol-

lars, due in one year from date, to read 'on or before' by plaintiff A. O. Davis. It is further ordered and decreed, that the plaintiff have thirty days in which to comply with this decree, and that upon the performance of the said contract according to the above terms, by plaintiff, A. O. Davis, the defendant, J. E. Flowers, is hereby required to at once transfer to A. O. Davis all his right, title, and interest in and to the" property described in the petition.

On February 22, 1923, the plaintiff addressed a petition to the judge of the court, setting out a copy of the above decree, and alleging substantially the following: That on January 4, 1923, petitioner "tendered to the said J. E. Flowers, the sum of five thousand dollars in cash, and a note for $2500, properly executed and signed by plaintiff, A. O. Davis, and at the same time and place . . offered to, and was able and willing to, assume the payment of three notes of $5000 each, due in one, two, and three years, at 6% per annum, as set out in the said decree; . . that the said J. E. Flowers refused to accept the $5000 cash and . . the said note for $2500, and . . would not allow plaintiff to assume the said $5000 notes as specified in the said decree; . . that the said J. E. Flowers failed and refused, and would not transfer to plaintiff his right, title, and interest in the real estate described in the said decree; . . that he [petitioner] was ready, able, and willing, and offered to comply with the said decree on the 4th day of January, as required by the terms of the same, and that he has been ready, able, and willing to comply with said decree all the time since said date, to wit: January 4th, 1923, and that he is now ready, able, and willing to comply with the said decree, according to the terms of the same as therein set out." The petition concluded with a prayer "that an order be issued, calling upon the said J. E. Flowers to show cause . . why he has not complied with the terms of the said decree, and, in default of a good and sufficient excuse, that he show cause why he should not be attached for contempt in disobeying the order of this honorable court." The judge issued a rule calling upon the respondent to show cause, on March 10, 1923, why the prayer of the petition should not be allowed, and why respondent should not be attached for contempt.

The defendant filed an answer to the petition, and denied that the plaintiff had made a tender as required by the decree, or that

he was ever able or willing to comply with the decree; and alleged that the petitioner on the contrary "willfully refused and failed to comply with the decree." The answer alleged that the petitioner offered to pay respondent $5000, and to make a new contract to assume payment of $15,000, with interest from January 4th, 1923, to be evidenced by three separate written instruments to be signed by the petitioner, all bearing the date January 4, 1923, and being identical, as .follows: "For value received, I hereby assume the payment of the principal sum to wit: five thousand ($5000) dollars, of the within note due on or before two years from this date, with interest at the rate of 6% per annum from this date, and also 10% attorney's fees. The assumption of this note is in accord with a certain contract between myself and J. E. Flowers, dated June 2nd, 1919, and in compliance with a decree of DeKalb superior court dated December 16th, 1922, and signed by J. B. Hutcheson, in the case of A. O. Davis versus J. E. Flowers, case No. 2226, DeKalb superior court. I hereby assume the payment of the said five thousand dollars, with interest and attorney's fees, as above set out, and acknowledge the said note as being part of the purchase-price of certain real estate located at 139 West Peachtree Street, Atlanta, Georgia." But the answer alleged that such offer was not a compliance with the decree, for the reason that the decree required the petitioner to assume the payment of "three notes dated June the 2nd, 1919, for $5000 principal [each] cash together with interest from date, to wit: June the 2nd, 1919, at six per cent. per annum, due in one, two, and three years from date, . . that all of said notes had matured and all had interest due thereon, and said interest on said three notes amounted to the sum of $3225, together with the principal of $15,000, and no tender of said sum of money was made, and movant refused and declined to make any tender of said sum of money, to wit: the sum of $18,225 together with the sum of $5000, making in all the total sum of $23,225 cash, which was then due under and by virtue of the decree set out in movant's petition." The respondent expressly denied that the petitioner made any tender of the $2500 note.

On the trial the petitioner introduced evidence tending to show that within thirty days after rendition of the decree the petitioner tendered to the respondent $5000 in cash, together with his indi-

vidual note for $2500 due in one year from date, and at the same time "offered to assume" certain notes. In reference to the assumption of notes the petitioner testified: "I offered to assume the . . three notes of $5000 each, due one, two, and three years, each bearing six per cent. interest, and I offered to assume interest from the time of the transfer . . of the property to me." The petitioner also testified that the respondent refused to accept his offer, and declined to make a deed, stating that he wanted interest from the date of the original notes that were to be assumed under the provisions of the decree, and also that those notes had been paid. The petitioner introduced documentary evidence as follows: "One note dated January 4th, 1923, due on or before January 4th, 1924, for $2500, with interest at .6% per annum from maturity, signed by A. O. Davis, payable to J. E. Flowers, being part of the purchase-money for house and lot located at 139 West Peachtree Street, Atlanta, Georgia. (50 cent revenue stamp.)"

The respondent introduced testimony tending to show the following. On January 3 the attorney for the petitioner stated to the attorney for the respondent that the former desired to pay "$5000, assume the three notes according to this written paper, a copy of which I am giving you, and give you a note for $2500 without interest." The attorney for the respondent read the paper, and objected on the ground that the notes to be assumed under the terms of the decree were dated June 2, 1919, and carried interest from that date, and that all of the notes had since become due, and that the amount of accrued interest was $3,225. The attorney for the petitioner replied that no back interest would be paid. The respondent introduced the following documentary evidence: "One note dated June 2nd, 1919, due June 2nd, 1920, payable to the order of J. R. Smith and J. H. Ewing, for $5000 principal, interest at 6% per annum, from date, signed by J. E. Flowers. One note dated June 2nd, 1919, due June 2nd, 1921, payable to the order of J. R. Smith and J. H. Ewing, for $5000 principal, interest at 6% per annum from date, signed by J. E. Flowers. One note dated June 2nd, 1919, due June 2nd, 1922, payable to the order of J. R. Smith and J. H. Ewing, for $5000 principal, interest at 6% per annum from date, signed by J. E. Flowers." Other conversations were had between the attorneys, which showed their

point of disagreement, with reference to the three notes which the petitioner was required by the decree to assume, to be as follows: As the notes were for $5000 each and had all matured, the attorney for the respondent demanded that the petitioner should pay in cash $15,000, and interest from June 2, 1919, which was the date of the contract; whereas the attorney for the petitioner denied the respondent's right to any back interest, but contended that he was entitled to interest only from the time the petitioner might assume the notes. The attorney for the petitioner also denied that the note for $2500 should bear interest. The respondent, testifying as a witness in his own behalf, stated substantially as follows: The petitioner tendered $5000, and offered to make three notes for $5000, and to pay interest from date at 6 per cent., but did not tender the $2500 note. When the offer to make the notes was made the respondent told the petitioner that the decree provided that he should assume the notes specified in the decree and pay the interest on them. The petitioner refused to pay interest, and respondent refused to settle without interest. The petitioner, recalled, testified: "All three of these [notes] were read to him [the respondent]. They were unsigned; we offered to sign them. . . . I told . . [respondent] that if the arrangement was not satisfactory we would make it satisfactory with respect to new notes, except I would not assume interest back at the date of the original notes."

The judge discharged the rule, and the plaintiff excepted.

*J. V. Poole* and *B. H. Sullivan,* for plaintiff.

*T. J. Ripley,* for defendant.

ATKINSON, J. The decree, to which no exception was taken, considered in connection with the contract embodied in the pleadings, required, as a condition precedent to a conveyance of the property by the respondent, that the petitioner assume three outstanding promissory notes for $5000 payable to J. R. Smith and J. H. Ewing, together with interest thereon from June 2, 1919, the date of the contract. When on January 4, 1923, the petitioner demanded the execution of a conveyance by the respondent, a compliance with the decree required petitioner to assume not only the notes but the accrued interest thereon from June 2, 1919, which he expressly refused to do. It follows that the judgment discharging the respondent in the rule for contempt was not erroneous.      *Judgment affirmed. All the Justices concur.*