## DAVIS v. FLOWERS.

1. Where in a suit for specific performance of a contract for the sale of land a general verdict was returned for the plaintiff, and thereupon the court rendered a decree providing that the contract upon which the suit was based be specifically performed and the defendant be required to comply with the terms of the contract, upon the payment by the plaintiff to the defendant of a stated sum in cash and the assumption of three notes for the sum of $5000 each, due in one, two, and three years, with interest at 6 per cent. per annum, which notes had been signed by the defendant in the suit, and payable to a third party, and the execution of a promissory note by the plaintiff to the defendant for $2500, due at a stated time, and it was further ordered and decreed that the plaintiff should have thirty days in which to comply with the terms of the decree, and upon his compliance the defendant should at once transfer to the plaintiff all his title and interest in and to the property in controversy, and the plaintiff failed to comply therewith within the term of thirty days, and only offered to do so after the expiration of more than two years from the time for the payment fixed in the decree, the plaintiff was not entitled to prevail in a proceeding to punish the defendant for contempt of court because of his refusal to transfer to the plaintiff the respondent's title and interest in the property involved in the suit for specific performance.

2. The fact that a part of the time elapsing between the date fixed in the original decree for performance both by the plaintiff and the defendant had been consumed in litigation instituted by the plaintiff to contest his liability for interest upon the notes mentioned in the decree did not excuse him from performance. He could not delay payment for more than two years, within which interval there was ample time for great fluctuation in value, and then compel the defendant in the original suit in equity to perform, when he himself had failed to perform the obligation imposed upon him by the decree of the court, and upon the performance of which he would have been entitled to a transfer of the property.

3. Applying the ruling made above, the court below did not err in sustaining the demurrer to the plaintiff's petition and dismissing the contempt proceedings.

No. 4522. December 12, 1924.

Petition for specific performance. Before Judge Hutcheson. DeKalb superior court. June 2, 1924.

*J. V. Poole* and *B. H. Sullivan,* for plaintiff.

*T. J. Ripley,* for defendant.

Beck, P. J. A full statement of the facts in the case as set forth in the original suit in equity for specific performance is to be found in the report of the case of *Davis* v. *Flowers, 157 Ga.* 481 (121 S. E. 810). In that case it was decided: "The decree, to which no exception was taken, considered in connection with the contract embodied in the pleadings, required, as a condition precedent to a conveyance of the property by the respondent, that the petitioner assume three outstanding promissory notes for $5000, payable to J. R. Smith and J. H. Ewing, together with interest thereon from June 2, 1919, the date of the contract. Where on January 4, 1923, the petitioner demanded the execution of a conveyance by the respondent, a compliance with the decree required petitioner to assume not only the notes but the accrued interest thereon from June 2, 1919, which he expressly refused to do." After that decision was rendered, and more than two years after the date of the original decree, the plaintiff offered to fully perform, his offer including the interest which he had at first refused to become responsible for; and upon a refusal by the defendant to convey as provided in the decree, the plaintiff instituted proceedings to have the defendant adjudged in contempt and to require performance in accordance with the terms of the decree. The judge properly sustained the demurrer to his petition in the last contempt proceedings. *Judgment affirmed. All the Justices concur.*