## Scott *v.* Pennsylvania Casualty Co., Appellant.

*Insurance — Accident insurance — Warranty — Occupation — Change of occupation—More hazardous employment—Tender— Charge of court.*

1. Where the insured in a policy of accident insurance warrants his occupation as "business manager of store, office, work, and business manager in general, not doing manual labor," and the policy provides that if the insured is injured after having

changed his occupation to one classified by the company as more hazardous, or "is injured while doing any act or thing pertaining to any more hazardous occupation," the company shall be liable for a proportionately less amount, and it appears that the insured was killed as the result of a fall from a coal breaker, and the evidence for the plaintiff, although contradicted, tends to show that the insured was simply paying men engaged in dismantling the breaker which had been purchased by his employer, the store company, and the evidence for the defendant tends to show that the insured at the time of the accident was engaged in carrying on coal operations either for himself or his employer, the case is for the jury to determine, under proper instructions, whether at the time the insured was injured he had changed his occupation, or was doing an act pertaining to an occupation more hazardous than that for which he was insured.

2. In such a case where it is admitted that the defendant owed the plaintiff part at least of the sum claimed it is not error for the court to refuse to instruct the jury that plaintiff's claim must be for the amount of the policy less the sum admitted to be due, on the ground that the latter sum had been tendered to and refused by the plaintiff, since the only effect of such tender would be that in the event that there was a recovery for any more than the sum tendered the plaintiff would not be entitled to costs accruing after the tender was made.

3. In such a case it is not error for the court to exclude an answer to the question: "Taking the work, or the services, or occupation of the deceased, as shown by the defendants here, in and about this colliery, to what classification would such occupation or labor place him in the company," because the question before the jury was not what classification the company would have placed the deceased in under its evidence in the case, but whether under the whole evidence he had changed the classification in which the company had placed him to a business or occupation which was classified as more hazardous, or was doing an act, at the time he was injured, pertaining to a more hazardous occupation.

4. In such a case where the defendant had introduced evidence sufficient to warrant a finding that at the time the deceased was injured he was engaged in an occupation classified as more hazardous it is error for the court to state that defendant had introduced no evidence justifying this contention, and further to confine the inquiry of the jury to the question whether the deceased had or had not changed his occupation at the time he was injured when the liability of the defendant would also be changed if at the time he was injured he was doing an act or thing pertaining to a more hazardous occupation, as defendant contended.

Argued February 17, 1913.   Appeal, No. 205, Jan. T., 1912, by defendant, from judgment of C. P. Schuylkill Co., March T., 1911, No. 73, on verdict for plaintiff in case of Effie E. Scott v. The Pennsylvania Casualty Co. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.   Reversed.

Assumpsit of policy of accident insurance.   Before BRUMM, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $3,212.50.   Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions to the jury.

*Frank R. Stocker,* with him *M. M. Burke,* for appellant.

*C. E. Berger,* with him *C. E. Breckons,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 21, 1913:

This is an action of assumpsit brought on a policy of accident insurance issued by the defendant company to Winfield W. Scott, the plaintiff's decedent, on August 4, 1905.   The plaintiff is the beneficiary named in the policy.   The assured died June 27, 1910, during the life of the policy, as a result of injuries received a week prior thereto.

The policy provides that in consideration of the payment of the premium "and of the statements in the Schedule of Warranties hereinafter contained, which statements the assured makes on the acceptance of this policy and warrants to be true," the company insures Winfield W. Scott against disability or death.   It also provides that every full year's renewal of said policy shall add five per cent. to the death benefits named therein.   The Schedule of Warranties contains the fol-

lowing: "I am (member of firm) (employed by) Lytle
Store Co., Town of Minersville, State of Pa. whose busi-
ness is that of Conducting Dry Goods & Grocery Store.
The duties of my occupation are fully described as fol-
lows Business mgr of store, office work, & business mgr.
in general, not doing manual labor."

The policy contains the following clause: "If the as-
sured is injured after having changed his occupation to
one classified by this company as more hazardous than
that herein stated, or is injured while doing any act or
thing pertaining to any more hazardous occupation, the
company's liability shall be only for such proportion of
the principal sum or other indemnity as the proportion
of the premium paid by him would purchase at the rates
fixed by this company for such more hazardous occupa-
tion."

The policy was issued originally for one year and was
renewed each year for five years during the last year of
which the assured was injured and died. The action
was brought to recover $3,000, being $2,500, the face of
the policy, and five per cent. for the four years the policy
was renewed. The defense is twofold: (a) that at the
time he was injured the assured had changed his occu-
pation from that stated by him when the policy was
issued to one classified by the company as more hazard-
ous, and (b) that he was injured while doing an act or
thing pertaining to a more hazardous occupation. Ac-
cordingly it is claimed that at the time he was injured,
Scott was engaged in a more hazardous occupation,
classified as Class C, and that under the clause of the
policy which provides for prorating the amount due, the
liability of the company is limited to the amount of in-
surance that the premium paid by Scott would have pur-
chased in the more hazardous business. The learned
court below submitted the case to the jury and they re-
turned a verdict for the plaintiff. Judgment having
been entered on the verdict, the defendant has taken
this appeal.

There are fifteen assignments of error. The first twelve are to the charge of the court, the fourteenth and fifteenth are to the refusal of the court to affirm certain points presented by the defendant, and the thirteenth is to the exclusion of an offer of evidence by the defendant.

The fifteenth assignment alleges the court erred in refusing to affirm defendant's second point for charge which asked the court to instruct the jury that under all the evidence the verdict should be for the defendant. The point was properly refused, not only for the reason that the defendant company admitted that it owed the plaintiff sixteen hundred dollars, the pro rata amount due under Class C, but for the further reason that the two controlling questions in the case were for the jury and not for the court. The defendant company contends that at the time he was injured Scott was engaged in the business or occupation of mining coal. It introduced evidence tending to show that Scott was devoting at least part of his time to the coal business, that he was part-owner of coal properties, that he visited the mining operations, and that at the time he received his injuries from which death resulted he was paying the men engaged at the mines as part of his duties in carrying on the coal operations. The defendant's testimony showed that if he was engaged in mining operations, which were classified by the defendant company as more hazardous, that he would be in Class C which would entitle the plaintiff to recover only sixteen hundred dollars. The plaintiff contends that the statement made by the decedent in the Schedule of Warranties was sufficiently comprehensive to include the services which the assured rendered in connection with the management of the Lytle Store Company; and that if he was paying the men at the breaker at the time he was injured, as alleged by the defendant, the payment was in performance of his duties as business manager for his employer. The plaintiff further contends that even if it be conceded that the payment of the men at the breaker was a different occu-

pation than that set forth in the statement, it belonged to Class A, the class in which the decedent was insured. Like the defendant, the plaintiff introduced testimony in support of these contentions, and it tended to show that Scott was not engaged in mining operations at the time he received his injuries but was simply paying the men engaged in dismantling an old breaker which had been purchased by the Lytle Store Company and was being dismantled for the purpose of taking it to the Herbein coal tract. The testimony, if believed, showed that the breaker had been purchased by the Lytle Store Company and not by Scott or by any company in which he was interested.

It is, therefore, apparent that it was for the jury to determine, under proper instructions, whether at the time he was injured the assured had changed his occupation or was doing an act pertaining to an occupation more hazardous than that for which he was insured. In general, the question whether the insured has changed his occupation within the meaning of the policy is properly left to the jury under instructions: 1 Am. & Eng. Ency. of Law (2d Ed.) 303, and is to be determined by the court only when there is no dispute as to the evidence, and but one rational conclusion can be drawn therefrom: Johnson v. London Guarantee & Accident Company (115 Mich. 86) 69 Am. St. Rep. 549, 551. The language of the statement is not clear or unambiguous. It is open to more than one construction and hence the court could not interpret it. Whether Scott was the business manager of the store or whether he was the business manager in general for the Lytle Store Company was for the jury under all the evidence. The evidence was conflicting as to the business in which the Lytle Store Company was engaged, whether it was confined to the dry goods and grocery business or whether it included mining operations. If the store company was engaged in mining in addition to the store business and the assured was its business manager in general,

the jury might find that he was employed in a business within the policy. They would also be warranted in finding under the evidence that if Scott were paying the men at the breaker he was performing work in Class A of the policy. Whether, therefore, the deceased had changed his occupation to one classified as more hazardous or was performing work pertaining to a more hazardous business was necessarily for the determination of the jury.

The fourteenth assignment alleges error in the refusal of the court to instruct the jury that any claim made by the plaintiff in this action must be for the amount of the policy less sixteen hundred dollars; in other words, that the sixteen hundred dollars should be treated as a payment on account. This instruction was asked on the ground that sixteen hundred dollars had been tendered to and refused by the plaintiff. The tender was made in court by a check which the plaintiff had agreed should be considered as a legal tender. It was not in any sense a payment on the claim. The only effect it could have in the case would be that in the event there was a recovery for not more than sixteen hundred dollars, the plaintiff would not be entitled to costs accruing after the tender was made. The instruction was properly refused.

The thirteenth assignment alleges error in the court excluding the answer to the question: "Taking the work, or the services, or occupation of Mr. Scott, as shown by the defendants here, in and about this colliery, to what classification would such occupation or labor place him in the company?" The plaintiff's counsel objected to the question as irrelevant and immaterial and as calling for the witness's interpretation of the act performed by Scott which was a question for the jury and not a question for expert interpretation. The witness to whom the question was propounded was the secretary of the defendant company who supervised the classification and selection of risks. The witness did not pro-

fess to be an expert and it did not appear that he had ever had any experience with other accident insurance companies or had any knowledge as to the practice of any other company than his own. But, aside from any other reason, the answer was properly excluded because the question before the court and jury was not what classification the company would have placed the assured in under its evidence in the case but whether under the whole evidence he had changed the classification in which the company had placed him, to a business or occupation which was classified as more hazardous, or was doing an act, at the time he was injured, pertaining to a more hazardous occupation. If it be conceded that under the defendant's testimony Scott had changed his occupation to another more hazardous and in a different classification that would be wholly immaterial if under the whole evidence in the case the jury should find, as their verdict shows they did, that he was engaged at the time of his death in the occupation or business described in his statement contained in the Schedule of Warranties. The question was for the jury what Scott was doing and what business he was engaged in at the time he received his injuries, and whether the business was different from and more hazardous than that for which he was insured. The answer to the question would have furnished no light to the jury in ascertaining what was submitted for their determination. The court's ruling was not erroneous.

The other assignments are extracts from and contain most of the charge of the court. We need not consider them separately. The court was in error in saying that the defendant had introduced no evidence to show any justification for placing the deceased in Class C. This was clearly a misapprehension of the testimony which was sufficient to go to the jury in support of the defendant's contention that at the time the deceased was injured he was engaged in an occupation or business

which under the defendant's classification would be Class C.

We agree with the defendant's counsel that the learned judge in his charge ignored one part of its defense. It will be observed that by the provisions of the policy the liability of the company would be changed not only if the assured changed his occupation to one more hazardous, but also if at the time he was injured he was doing any act or thing pertaining to any more hazardous occupation. It was accordingly contended by the defendant that its liability was limited to sixteen hundred dollars even if it should be found that the deceased had not changed his occupation, but was injured while doing any act or thing pertaining to any more hazardous occupation. The several parts of the charge confine the inquiry of the jury to the question whether the assured had or had not changed his occupation at the time he was injured. This, as already observed, was only a part of the defense. The court said to the jury: "The real issue before this jury is reduced mainly to the question whether the deceased, Winfield Scott, had changed his occupation from that for which he was insured and whether he was engaged in that changed occupation at the time of his death." Whether the deceased was doing an act pertaining to a more hazardous business at the time he was injured was an equally important question and equally affected the defendant's liability. In another part of the charge the learned court said: "If the deceased's business was merely conducting the dry goods and grocery store, if you should find that to be the case, then it is for you to ascertain whether he was engaged in the business of conducting a dry goods and grocery store at the time he received the injury, or whether he was engaged at a different occupation."

The assignments containing the language above quoted and similar language in other parts of the charge are sustained, as are also the assignments which allege error in the binding instructions construing the meaning of

the statements of the assured as to his occupation at the time the policy was issued. The judgment is reversed with a venire facias de novo.