## Sefton *v.* London G. & A. Co., Ltd., Appellant.

*Insurance—Accident insurance—Extra hazardous employment—
General manager—Injury as motorman—Classification of risks—
Premium rates—Filing papers with insurance commissioner—Act
of July 7, 1913, P. L. 698—Evidence.*

1. Where a policy of accident insurance was issued in 1919 and
renewed in 1920, and the company, in a suit against it, denies
liability because the insured was injured while engaged in an occu-
pation classified as more hazardous than that for which he was in-
sured, defendant cannot avail itself of a manual of premiums and
risks promulgated for 1919 or 1920, when such manual had not
been filed with the insurance commissioners as provided by the Act
of July 7, 1913, P. L. 698.

2. Nor can it avail itself of a manual filed with the commis-
sioner in 1913, where it appears that such manual was different
from that filed in 1920 and not applicable to the policy in suit.

Argued March 6, 1922. Appeal, No. 169, Jan. T., 1922,
by defendant, from judgment of C. P. Franklin Co., Oct.
T., 1920, No. 227, on verdict for plaintiff, in case of
Amelia Sefton v. London Guarantee and Accident Co.,
Ltd. Before MOSCHZISKER, C. J., FRAZER, WALLING,
SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Af-
firmed.

Assumpsit on policy of accident insurance.    Before
GILLAN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,850.    De-
fendant appealed.

*Errors assigned* were, inter alia, various rulings on
evidence, sufficiently appearing by the opinion of the
Supreme Court, quoting record.

*Walter K. Sharpe,* for appellant, cited: Scott v. Casu-
alty Co., 240 Pa. 341.

*Charles Walter,* with him *Arthur W. Gillan,* for appellee, cited: Thorne v. Ins. Co., 80 Pa. 15; Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526; Campbell v. Great Eastern Casualty Co., 73 Pa. Superior Ct. 333.

OPINION BY MR. JUSTICE KEPHART, April 10, 1922:

Defendant issued a policy of insurance to R. D. Sefton in the sum of $7,500, at the premium rate of $75, insuring him against bodily injuries and accidental death for a period of twelve months. The policy was renewed April 18, 1920. The insured was employed as general manager of the Waynesboro Electric Light & Power Company and the Chambersburg, etc., Street Railway Company, and so stated in his written application for insurance. He was injured while temporarily acting as a motorman, from which injuries he died. The plaintiff, as beneficiary, brought this action to recover the amount named in the policy, and got a verdict and judgment.

The insurance issued to plaintiff's husband was under policy No. DN, 4351, "Complete Indemnity Accumulative Disability Policy DN, Preferred." The insured was therein described as "general manager, the duties of which are consulting or office work only"; the rate and classification, as well as the descriptive matter in the insurance, related to defendant company's manual in force for the years 1919 and 1920. The affidavit of defense denied liability for the amount claimed because the deceased, at the time of his injury, was doing an act or engaged in an occupation in a classification more hazardous than that stated in the policy. Defendant, to sustain its position, relied on these paragraphs of the policy: "This policy includes......the entire contract ......except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured......after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so

classified......If the law of the state in which the insured resides......requires......a statement of the premium rates and classification of risks, pertaining to it, shall be filed with the state official,......then the premium rates and classification of risks mentioned in this policy shall mean only such as have been last filed by the company in accordance with the law." The above provisions follow the law.

The Act of July 7, 1913, P. L. 698, provides that no policy of insurance against bodily injury or death shall be issued or delivered to any person until a copy of the form thereof and the classification of risks and premium rates pertaining thereto have been filed with the insurance commissioner. Section 9 (P. L. 706) provides, "A policy issued in violation of the act shall be held valid, but shall be construed as provided in the act; and, when any provision in such policy is in conflict with any provision of the act, such provision shall be invalid, and the policy shall be deemed to contain all of the standard provisions."

Section 13 (P. L. 707) makes every company, officer or agent who delivers a policy in violation thereof guilty of a misdemeanor, punishable by a fine or imprisonment.

The manual of premiums and risks promulgated for 1919 or 1920 was not filed with the insurance commissioner, as required by the act. Therefore defendant could not call to its aid any of its provisions. Realizing its misfortune, defendant then offered in evidence Exhibit "A-2," a manual of premium rates and classification of risks "last filed with the state officials" in 1913, and from it they proposed to show that insured's policy was covered by this classification of risks, and, having engaged in a more hazardous occupation when injured, plaintiff's widow could not recover the amount for which this suit was brought. The 1913 manual was offered as a compliance with the provisions of the act.

Apart from a consideration as to whether the deceased might have been classified under this manual as "mana-

ger of an electric light plant, consulting or office work,"
and was injured while performing the duties of a street
railway employee, class "Motorman, D-4, limit of risk
$2,000," which, according to this classification, was a
more hazardous employment, it must appear from the
1913 manual the policy sued on was issued thereunder
or could be covered thereby.   When we turn to the pre-
mium rates and classification of risks in this manual, we
do not find listed "Complete Indemnity Accumulative
Policy DN, Insurance $7,500, weekly indemnity $25."
Nor is there anywhere in this manual such character of
policy with such rate and weekly indemnity.

Before this manual could be received in evidence, it
must appear the policy sued on was affected by it, not
only that the classification mentioned might be assimi-
lated to one contained in the book (which, on examina-
tion, we find is not), but a premium rate to cover it
must be on file.   The act (section 1) reads, "The classifi-
cation of risks and the premium rates pertaining thereto
have been filed with the insurance commissioner."   De-
fendant admits no premium rate applicable to the pres-
ent policy was filed or contained in the 1913 manual, but
argues it was not necessary to file a premium rate.   This
is not the law; the act commands exactly the contrary;
and, when defendant attempted to save itself for failure
to file the 1919-20 manual by taking advantage of the
1913 manual, the "premium rates and classification of
risks last filed by the company according to law," it
must, in that manual, have complied with the law in all
respects; but here we have a different policy, under a
different classification and rating.   The book filed 1913
was not admissible as evidence; defendant could not
take the benefit of that which might apply without show-
ing a substantial compliance with all the requirements
of the act.

Defendant insists that plaintiff live up to the letter
of the contract, and demands a release for a violation of
its terms.   Plaintiff replies in kind, and insists the

manual, rating or classification under which the release to the defendant must come shall refer to the insured, not presumptively, but exactly. It does not as to rates, as is admitted, nor does it as to classification, which will now be seen. Plaintiff's husband was insured "DN Complete Indemnity Accumulative Disability Policy, Preferred, Occupation, General Manager, the duties of which are consulting or office work only, for $7,500." Defendant insists insured is covered by this classification of the 1913 manual, "Manager of Electric Lighting Plant, Consulting and Office Work Only, B-2 Preferred, Limit of Risk $5,000." A mere glance at the two classifications will show the difference. When defendant opened its case, offering the 1913 manual for the court's inspection, it was found that not only did the classification not apply, but a policy was issued for a rate not on file and of a character not therein provided for.

Without considering the violation of the statute by defendant, and its abortive effort to benefit through that violation, in a matter which, so far as the insured's receiving the policy was concerned, was not against good morals or public policy thereby affecting him as particeps criminis in relation thereto,—the act of assembly not declaring invalid the policy in the holder's hands because the insurance company neglects to file its schedules,—the court below was right in rejecting the evidence, because the 1913 rates and classification did not affect the policy sued on in any particular.

Judgment affirmed.