# Norlund *v.* Reliance Life Insurance Co., Appellant.

*Insurance—Accident insurance—Classification of risks—Occupation—Office duties—Operating a truck for domestic purposes—Truckman—More hazardous occupation — Province of court and jury—Death at railroad crossing—Words and phrases.*

1. An insurance contract must be construed favorably to the insured, and all doubts resolved in his favor.

2. Where an insured is placed in a designated class in an accident policy, but there is nothing in any of the schedules with which to compare his occupation as stated in the policy, so that it is not clear that what he was doing at the time of the accident amounted to a violation of the policy, the doubt will be resolved in favor of the insured.

3. Where an accident policy specifies Class 1 of risks as "hardware manufacturer, office duties only" and class four as "truckman," and provides for payment if the insured is accidentally killed while doing ordinary duties about his residence, and the insured is rated in Class 1, recovery may be had where it appears that the insured was killed at a railroad crossing while operating a small automobile converted into a truck for hauling sand for use in building his garage.

4. The question whether an insured in an accident policy had changed his occupation, or was at the time of the injury doing an act pertaining to one more hazardous, is for the jury, except where but a single inference can be drawn from the admitted or established facts.


Argued January 19, 1925. Appeal, No. 180, Jan. T., 1925, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1922, No. 337, on verdict for plaintiff, in case of Ruth M. Norlund v. Reliance Life Insurance Co. of Pittsburgh. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on policy of life insurance. Before MAX-WELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,412.50. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Frank P. Cummins,* for appellant.—The case was for the jury: Tobin v. Casualty Co., 219 Pac. R. 482; Crawford v. Ins. Co., 263 Pa. 232; Scott v. Casualty Co., 240 Pa. 314.

*Harry C. Fithian,* for appellee, cited: Crawford v. Ins. Co., 263 Pa. 232; Campbell v. Casualty Co., 73 Pa. Superior Ct. 333; Tutonia Ins. Co. v. Mund, 102 Pa. 89; Burkhard v. Ins. Co., 102 Pa. 262; Humphreys v. Benefit Assn., 139 Pa. 264, 271; Grandin v. Ins. Co., 107 Pa. 26; Hughes v. Ins. Co., 222 Pa. 462.

OPINION BY MR. JUSTICE WALLING, February 9, 1925:

On October 18, 1922, Charles A. Norlund was killed at a railroad crossing near his home in Lycoming County, and this suit by his widow was on a five thousand dollar accident insurance policy held by him in the defendant company, wherein she was the beneficiary. Plaintiff recovered a verdict and judgment for the full amount and defendant has appealed.

In the policy Norlund's occupation was stated as "Manufacturer of hardware specialties, secretary and salesmanager , office duties and traveling only." The policy provides, inter alia, as follows: "This policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy

as the premium paid would have purchased at the rate but within the limits so fixed by the company for such more hazardous occupation."

Norlund lived next door to his father and kept his motorcycle, lawn mower, garden tools, etc., in the latter's garage. The afternoon of the accident, being observed as a half holiday, Norlund was assisting two men in the work of enlarging the garage, and, in connection therewith, it became necessary to procure about a ton of sand. For that purpose he took a Ford touring car which had been converted into a small truck, by replacing the rear seat with a box, and, accompanied by his father, drove about one-half of a mile, got the sand and, while returning therewith was killed at a railroad crossing.

Defendant had a duly established classification of risks and avers Norlund was rated under Class 1; and, while admitting he had not changed his occupation, contends that when killed he was doing an act pertaining to the occupation of "truckman" rated in Class 4, and that thereunder, according to its schedule of rates and benefits, the beneficiary was entitled to only $1,875, and that judgment should be entered accordingly. This contention is untenable for several reasons. An insurance contract must be construed favorably to the insured and all doubts resolved in his favor. See Teutonia Ins. Co. v. Mund, to use of Biddle, 102 Pa. 89; Humphreys v. Benefit Assn., 139 Pa. 264; Grandin v. Ins. Co., 107 Pa. 26; Hughes v. Central Acc. Ins. Co., 222 Pa. 462; Stone's Admrs. v. United States Casualty Co., 34 N. J. L. 371, 375. As stated in 1 C. J. 414: "In case there is any ambiguity in the policy, the rule is that all provisions, conditions, or exceptions which in any way tend to work a forfeiture of the policy or limit or defeat liability thereunder should be construed most strongly against those for whose benefit they are inserted, and most favorably toward those against whom they are meant to operate." While Norlund was nominally

placed in Class 1, there is nothing in any of the schedules with which to compare his occupation as stated in the policy. True, Class 1 includes "hardware manufacturer, office duties only"; but is silent as to "secretary, salesmanager and traveling," except that "traveling" appears in Classes 1, 2 and 3, according to conditions stated. It is therefore not clear, under any aspect of the case, that what he was doing amounted to a violation of the policy: Sefton v. London G. & A. Co., Ltd., 274 Pa. 46.

Aside from the conclusion just stated, it is doubtful whether the word "truckman" in the schedule should be construed as the driver of an autotruck, treating the Ford car in question as such; for the Standard Dictionary, the Century Dictionary and Webster's Dictionary all define truckman as: "(1) One who does business in the way of barter; (2) One who drives a truck, or whose business it is to convey goods on trucks." Moreover, the above-quoted provision of the policy requires payment of the full amount where the insured is accidentally killed while doing ordinary duties about his residence. The question of the application of this provision, under the facts developed at the trial, was properly submitted to the jury. The insured's occupation was as stated in the policy, but he employed much of his spare time caring for a large garden and lawn; he also did some work in and about his father's garage and was so engaged on the day in question. His work there might properly be treated as ordinary duties about his residence, and had he been killed while crossing the street for some purpose connected therewith, it could not be declared as matter of law that the accident happened outside the scope of such duties, neither can it because the accident happened while crossing a railroad for a like purpose.

Upon the facts, there is nothing to take this case out of the general rule that the question of whether the insured had changed his occupation, or at the time of

injury was doing an act pertaining to one more hazardous, was for the jury to decide. "The question whether the insured has changed his occupation within the provision of the policy is properly left to the jury under instructions": I Am. & Eng. Enc. of Law (2d ed.) p. 303. "Issues arising out of the evidence as to whether the insured, at the time he was injured, had changed his occupation or was engaged in an act pertaining to an occupation more hazardous than that for which he was insured, are for the jury to determine under proper instructions": Crawford v. Travelers' Ins. Co., 263 Pa. 232. To like effect are Scott v. Penna. Casualty Co., 240 Pa. 341; Campbell, Admx., v. Great Eastern Casualty Co., 73 Pa. Superior Ct. 333. Such case is for the court to decide only where but a single inference can be drawn from the admitted or established facts; here more than one inference might be drawn therefrom, hence, it was for the jury to pass upon.

The judgment is affirmed.