Turley *v.* John Hancock Mutual Life Insurance Company et al., Appellants.

Argued March 21, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Albert C. Hirsch,* with him *Cresswell S. Shumaker, Reed, Smith, Shaw & McClay* and *Watson & Freeman,* for appellants.

*Ward Bonsall,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 23, 1934:

The employees of The National Works of the National Tube Company and The McKeesport Connecting Railroad formed an unincorporated association known as The National Works Welfare Association. Its object was "to encourage and promote the general welfare of its members, including the procuring of group life insurance for its members" who were employees of these companies. Group insurance was taken out by the association in the John Hancock Mutual Life Insurance Company. It covered all the employees who should become members of the association. The insurance company and the association issued an invitation to all employees to become members. The request contained a detailed "Plan of Protection" consisting of proposed insurance. Accompanying this pamphlet was an application card or blank.

Daniel J. Turley, in 1926, when the association was organized, became a member applying for the limit of insurance, $1,000.00. He named his wife as beneficiary. Later he received a certificate of insurance from the insurance company. He died in 1930. Her right to collect the insurance called for in the certificate was denied because the insurance company claimed her husband's employment and death were not covered by the terms

of its policy. The court below entered a decree against both defendants, awarding the widow the insurance named in the policy.

The plan of "protection" insurance submitted to Turley by defendants and accepted by him, the group insurance policy covering this plan, as well as the certificate issued, were set forth in the bill with sufficient definiteness to sustain the decree. The bill averred the *"BENEFITS"* in the "plan" and under the group insurance policy to be:

"[a] Death Benefit.

"The amount of insurance is payable, in the event of death......to the beneficiary selected, in a single sum.

"[b] Total and Permanent Disability Benefits.

"In the event of total and permanent disability, occurring before the age of 60,......the......insurance ......will become payable to the member himself in a single sum.

"If total and permanent disability occurs after the age of 60, the insurance will be paid only when death occurs."

The certificate of insurance states, "This is to certify that *under and subject to the terms and conditions of a Group Policy of insurance*...... issued and delivered to the National Works Welfare Association......by The John Hancock Mutual Life Insurance Company ......Daniel J. Turley is insured......for the sum of One Thousand Dollars, payable to......[his] wife as beneficiary if death shall occur while a Member of the Association during the continuance of said policy...... The insurance......terminates with the termination of membership in the......Association unless the Member shall elect to continue" under the Conversion Privilege. Then follows the terms of the conversion privilege whereby a member separated from his employment may continue his insurance. This is followed by the

*"PERMANENT TOTAL DISABILITY"* clause: If

"Any Member.....has become totally disabled.....
the insurance......will become payable provided such
disability or loss has been sustained before attaining
the age of 60." If the certificate evidenced the only
contract, it did not cover as wide a field as the plan
of protection, but appellee's averments are broad in
scope. For the purposes of this case we need consider
only such arguments as relate to the pleadings. The
bill avers that Turley became a member of the associa-
tion in accordance with the terms of the printed pam-
phlet. It detailed the benefits of the group life insur-
ance gained by membership in the association and under
the certificate of insurance. Turley acquired these bene-
fits under the group policy of insurance issued to the
Welfare Association by the defendant company. A copy,
in full, of the pamphlet was made part of the bill. It
set forth that Turley was entitled to benefits for total
and permanent disability occurring after the age of
60, the insurance to be paid when death occurred. Both
defendants admitted in their answer that the "Plan of
Protection" under which appellee claims was issued by
them and that it contained "the details of The Group
Life Insurance Plan......under the Group Policy is-
sued by" the insurance company. Turley's membership
in the association was admitted. On the pleadings,
therefore, the certificate and the plan of protection
formed the insurance contract binding both defendants.
Defendants' joint answer sets up as the only defense
that Turley was discharged from the service of the com-
pany and failed to convert his insurance and concludes,
therefore, that neither the association nor the company
is liable under the contract. Part of the "Plan of Pro-
tection" was relied on to sustain their position. Appel-
lants made no contention in their answer that the
certificate was the only contract between the parties
and could not be modified by the pamphlet containing
the "Plan of Protection" unless the latter was omitted
as the result of fraud, accident or mistake. There was

no denial that the "Plan of Protection" set forth in full in the bill was "The Group Insurance Plan......
under the Group Policy issued by defendant company." These averments were specifically admitted by defendants. Appellee's claim was for permanent disability after the age of 60. It was set forth in paragraphs 7, 8 and 9 of the bill; it was not denied because of age but for another reason: discharge of the insured. (The certificate reads that Turley is insured under the terms and conditions of the group policy of insurance; the "terms and conditions" are set forth in the "Plan of Protection" just discussed.) The only question then is that set up in the answer: Was Turley discharged?

Two and a half years after Turley became a member and after he was 60 years of age, (at which time he was in the employ of The National Tube Company and a member of the association) he became totally and permanently disabled by reason of what may be briefly termed heart disease. He was forced to quit work, but continued as an employee to pay his dues to the association until September, 1929, when the officers refused to accept any further money from him. His name was removed from the roll of employees and he was notified that he was "discharged." He received no compensation or wages after he quit work. The question for disposition is: Did the discharge affect Turley's rights?

Defendant argues that under the terms of the policy and the "Plan of Protection" any separation from service for any cause whatever will extinguish any contractual relation, either with the welfare association or with the insurance company. Undoubtedly this contention would be sound had not a member's substantive right prior thereto become fixed. Turley became totally and permanently disabled when he was a member of the association and an employee of the company. He was unable to continue his employment. When that condition arose he became entitled to the benefit from the insurance to be paid to his beneficiary at death.

His rights became vested. True, the benefit was not to be enjoyed until death, but his beneficiary was then to receive it. Rights are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. Turley was not able to work after being disabled, of course; his rights were fixed and determined in 1928 when he was forced to leave his work because of disability. It was not the intent and purpose of the "Plan of Protection" to oust a man from the association, as well as from the company, who had become permanently disabled after he was 60. The "Plan of Protection" distinctly says otherwise. Most workmen if they reach 60, become disabled thereafter. The case is very close in reasoning to Marshall v. Pilots Assoc., 206 Pa. 182, Becker v. Berlin Beneficial Soc., 144 Pa. 232, and Palmer v. Protected Home Circle, 252 Pa. 201. In all of these we have held that where rights under similar contracts have become fixed, they cannot be disturbed or destroyed by the subsequent conduct or acts of one of the parties.

The judgment of the court below is affirmed.