## Potter v. Reliance Mutual Life Insurance Co. of Illinois

*Wood, Stuart & Murphy,* for plaintiff.

*Candor, Youngman & Gibson,* for defendant.

WILLIAMS, P. J., January 21, 1960.— . . . The Williamsport School District signed a contract with defendant insurance company in which the insurance company agreed in case of accident to make payments to students or teachers who took advantage of the policy.

Upon signing up and paying for benefits under the policy plaintiff student received an identification card or certificate which certified that he was on the list of insured and that he was subject to the terms

and provisions of the special student accident policy held by the authorities of the school district.

The student plaintiff was injured in an accident while returning to his home from school on his motorcycle. Defendant refuses to pay.

Defendant claims that the policy does not cover any student traveling to or from school by use of private transportation and that therefore plaintiffs cannot recover.

We are of the opinion that defendants' argument is without merit.

It is true that the master insurance policy under a subtitle called "Coverage" reads as though those traveling to and from school are excluded from benefiting when injuries are sustained as a result of private transportation. However, paragraph 12 of the general provisions of this same policy states that the company will issue to the school district for delivery to each insured an individual certificate of insurance describing the insurance to which such individual is entitled and the limitations and requirements of the master policy as it may pertain to the individual insured.

The company issued a certificate to plaintiff and on this certificate in bold letters and set in a framework made to attract attention is described WHAT THE POLICY COVERS. According to this certificate the student is covered for expenses incurred as a result of accidental bodily injuries sustained while traveling directly to or from school. There is no suggestion in the description of the coverage on this certificate of an exclusion of coverage if private transportation is used while traveling to and from school.

The identification card issued to plaintiff in this case is a part of the contract. In Ercole v. Metropolitan Life Insurance Company, 155 Pa. Superior Ct. 540, the court ruled that a policy contract undoubtedly

includes not only the group or master policy but the certificate of insurance issued to the employes as the certificate alone names the beneficiary. In Turley v. John Hancock Mutual Life Insurance Company, 315 Pa. 245, it was held that when an insurance company issued an invitation to employes to become a member, and the request contained a detached "Plan of Protection" and then a certificate was issued to claimant which did not cover as wide a field as the plan of protection, that the plan and certificate formed the insurance contract. In Thieme v. Union Labor Life Insurance Company, 12 Ill. App. 2d 110, 138 N. E. 2d 857, it was held that where the certificate varies in substance from the terms of the master policy, it forms a part of the contract of insurance. The certificate of insurance provided for in a master policy and given to the insured employe is an integral part of the group insurance contract: Woodrow v. Travelers Ins. Co., 121 N. J. 170, 1 A. 2d 447.

It is true that if the rights cannot be determined without reference to the master policy that the provisions of the master policy take precedence over the provisions of the certificate.

In the instant case, however, the identification card, or certificate, contains a positive provision so repugnant to and contradictory to the provisions of the group policy as to mislead plaintiff to his injury.

It has been held in many instances that an insurance contract must be construed favorable to the insured, and all doubts resolved in his favor: Norlund v. Reliance Life Insurance Co., 282 Pa. 389. It has also been held that in case of a conflict between the terms of a certificate and the master policy that construction which is most favorable to the employe will be adopted: Exstrum v. Union Casualty and Life Insurance Company, 167 Neb. 150, 91 N. W. 2d 632.

Moreover, if we were to hold that the identification card or certificate in this case was not a part of the contract, we would have to hold defendant estopped from denying liability. The thousands of parents who avail themselves of insurance such as in the instant case are confronted with a short form application sent home from school. The only inkling of coverage that the parent gets is the reading matter on the identification card. Although it is true that the master policy is available for inspection at the school board office, the thousands of parents who avail themselves of this insurance each year would have serious difficulty if they all tried to inspect the master policy at the time of contracting with the company. The plan of operation in which only one policy is given to the school board discourages inspection of the master policy. For the insurance company to describe coverage on its own printed identification card in a manner different than the description of such on the master policy is in our opinion such positive action on the part of the company as to work an estoppel.

In addition, the master policy in this case is capable of two interpretations. The policy indicates that the benefits will be paid for injuries sustained while the student is "a. Attending school" etc., "b. Traveling directly from home to school", etc., and "c. Participating in school sponsored and school activities", etc. It provides, however, that those injuries sustained under paragraphs "b" and "c" which result from the use of private transportation "to or from such activities" are to be excluded. The word "activities" is only used in paragraph "c", not in paragraph 'b". Traveling to school and return is not usually considered an activity, and the contract in this respect is capable of two interpretations. The court therefore takes the interpretation most favorable to the insured.

### Conclusions of Law

The court makes the following conclusions of law:

1. The identification card issued plaintiff in this case is a part of the contract.

2. There is a conflict between the terms of the identification card and the master insurance policy and the construction most favorable to the insured is taken.

3. Defendant is estopped from denying liability because the identification card contains a positive provision so repugnant to and contradictory to the provisions of the group policy as to mislead plaintiffs to their injury.

4. The master policy in this case is capable of two interpretations, and this being so, the interpretation most favorable to the insured is taken.

5. Plaintiffs are injured, because of the collision in this case, to the extent of $2,137.60, and defendant is liable in this amount.

### Order of Judgment

And now, January 21, 1960, judgment is entered in favor of plaintiffs in the amount of $2,137.60. Costs on defendant.