**Time Limitations in Accidental Benefit Policies**

PACKEL, Attorney General, April 26, 1974.—Former Commissioner Denenberg requested our opinion as to whether the Insurance Department should change its policy in regard to the enforcement of the existing insurance laws of Pennsylvania, including the approval and disapproval of submitted policies, when court decisions are rendered which modify existing interpretations of specific insurance contract language. He also asked if such changes should be interpreted by the Insurance Department itself or whether such matters should be referred to the Justice Department for its interpretation. More specifically, he asked what effect Burne v. Franklin Life Insurance Company, 451 Pa. 218, 301 A. 2d 799 (1973), should have on the enforcement of present laws of Pennsylvania, especially in regard to acceptable language for accidental death benefit clauses.[1] In accordance with this request, we submit our opinion.

I

Periodically, State or Federal court decisions are rendered which modify existing interpretations of specific insurance contract language. Decisions of the Supreme Court constitute part of the law of the Commonwealth: Stitt v. Consolidated Gas Supply Corp., 3 Comm. Ct. 482, 284 A. 2d 313 (1971). It has also been held that decisions of higher courts are binding on lower tribunals. See Townsend Trust, 349

---

[1] A comparable issue was raised in the case of In re Evans Webb et al., — Pa. Superior Ct. —, — A. 2d — (April 11, 1974) in which Judge Spaeth held invalid an impact provision which conditioned recovery under uninsured motorist coverage.

Pa. 162, 36 A. 2d 438 (1944); Beckham v. Travelers Ins. Co., 206 Pa. Superior Ct. 488, 214 A. 2d 299 (1965); Hilbert v. Heller, 13 Lehigh 369 (1930). On the other hand, even though Federal court decisions may be looked to for guidance (Ronnie's Bar, Inc. v. Pennsylvania Labor Relations Bd., 411 Pa. 459, 192 A. 2d 664 (1963)), State courts are not bound by these decisions unless they are decided upon questions of Federal law: Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609, 182 A. 2d 199 (1962).

Sections 354 and 616 of the Insurance Company Law of 1921, May 17, 1921, P. L. 682, 40 PS §§477b, 751, direct the Insurance Commissioner to approve or disapprove the form of insurance contracts before they are sold. It has been contended that the department has no authority under this law to approve or disapprove policies based upon court opinions. We find this contention to be without merit. The commissioner must apply and follow the law of the Commonwealth in approving insurance contracts. This necessarily includes pertinent common law and equity principles as well as constitutional and statutory provisions. The commissioner thus has quasi-judicial power in determining whether a proposed policy contract violates any law or principle of equity: Mutual Benefit Life Ins. Co. v. Welch, 71 Okla. 59, 175 P. 45 (1918). In construing an Oklahoma law nearly identical to section 354, the court there held that the Insurance Commissioner must disapprove an insurance contract whenever he determines, in the exercise of his quasi-judicial power, that it is violative of any applicable law, written or unwritten or any principle of equity. More particularly, the court stated:

"The common law, of course, forbids among other things, any 'form' of policy of life insurance which

violates the public policy in any respect": 71 Okla. at page 62.

In regard to the effect of the disapproval of the form of a contract by the Insurance Commissioner, the court stated:

"[I]t shall be conclusively unlawful for such company to issue any policy in the 'form' so disapproved, without regard to whether his disapproving decision is correct or erroneous, provided he did not act arbitrarily or fraudulently in the same": 71 Okla. at page 63.

The above analysis indicates that it would certainly be an abuse of discretion for you to approve contracts containing terms that the Supreme Court has held to be unfair and unenforceable as against public policy.

It has also been contended that no changes need be made in the policies themselves, since the Supreme Court has found them unenforceable, and, perforce, lower courts will be bound by that decision in subsequent cases. But, insurance policies containing such terms, even though unenforceable, are likely to cause policyholders to forego meritorious claims in the mistaken belief that the terms are, in fact, enforceable. The general public relies on the Insurance Department's duty to approve policies, and, consequently, terms appearing in policies have a greater appearance of State-sanctioned enforceability than terms appearing in ordinary contracts. While your department's approval of a policy is not a statement that all terms are, in your opinion, enforceable, you should act to eliminate indubitably unenforceable terms in order that claimants will not be misled. See Ice City, Inc. v. Insurance Company of North America, 456 Pa. 210, 314 A. 2d 236 (1974). Therefore, when court decisions modify interpreta-

tions of specific contract language, the Insurance Department must take cognizance of these changes in carrying out its responsibilities under law.

## II

It next becomes relevant to ask whether the Insurance Department should itself interpret these court decisions or whether such matters should be referred to the Department of Justice. The determination of whether a particular court decision is based solely on the facts of the particular case or whether it is a construction of the law generally applicable is a legal question. Section 902 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §292, provides that:

"The Department of Justice shall have the power, and its duty shall be:

" . . .

"(b) To supervise, direct and control all of the legal business of every administrative department, board, . . . and commission of the State Government."

In carrying out his duty under the law, the Attorney General has assigned assistant attorneys general to various State agencies to be responsible for their day-to-day legal affairs. Initially, all legal questions of the Insurance Department must be referred to its legal counsel. The advice of the Department of Justice should be sought in matters of great importance, matters that are controversial and matters in which the outcome is not clear. Applying these guidelines, the Insurance Commissioner and the assistant attorneys general assigned to the Insurance Department must use their discretion in determining when to submit this and other legal questions to the Department of Justice for its review and determination.

## III

Applying the principles enunciated above, we are of the opinion that the Insurance Department must apply the holding of the Burne case to approve or disapprove submitted contracts.

The Pennsylvania Supreme Court in Burne dealt with accidental death benefits in a life insurance policy and held that a provision requiring the insured to die within 90 days of an accident for the benefits to be payable is arbitrary and unreasonable when there is no dispute that death was caused by accidental means. The benefit in question usually provides that the insurer will pay double indemnification to the beneficiary of the insured when the death of the insured is the result of an accident; it is usually qualified, as it was in Burne, by a provision which requires that the death occur within 90 days of that accident. In Burne, the insured died four and one-half years after the accident, but as a result of the accident. In holding the 90-day provision unenforceable, the court stated, 451 Pa. at page 222:

"To predicate liability under a life insurance policy upon death occurring only on or prior to a specific date, while denying policy recovery if death occurs after that fixed date, offends the basic concepts and fundamental objectives of life insurance and is contrary to public policy."

The court added:

"[T]he decisions as to what medical treatment should be accorded an accident victim should be unhampered by considerations which might have a tendency to encourage something less than the maximum medical care on penalty of financial loss if such care succeeds in extending life beyond the 90th day. All such factors should, wherever possible, be removed from the antiseptic halls of the hospital.

Rejection of the arbitrary ninety day provision does exactly that": Id. at 223.

The court further reasoned in Burne that indemnification for premature death resulting from an accident is the primary purpose for obtaining double indemnity accidental death coverage. The 90-day provision is a period imposed by the insurer within which to ascertain whether death did, in fact, result from an accident. Because of advances in medical science, doctors have acquired the ability to sustain life for long periods of time after a fatal accident. Such advances in medical science rendered the 90-day provision arbitrary and unreasonable when applied in Burne because there was no dispute that the accident was the proximate cause of death. Hence, this provision was held unenforceable, as it is a general rule of law that provisions in an insurance policy should be disregarded when they cannot reasonably be applied to factual situations: Grandin v. Rochester German Insurance Company, 107 Pa. 26 (1884). See also Tennant v. Hartford Steam Boiler Inspection and Insurance Company, 351 Pa. 102, 40 A. 2d 385 (1944); Norlund v. Reliance Life Insurance Company, 282 Pa. 389, 128 Atl. 93 (1925).

As can be gleaned from the discussion above, the holding in Burne was based upon two grounds. Firstly, the court held that the time limitation of the accidental death benefit clause was unenforceable against the beneficiary under the facts of the case; and, secondly, that the time limitation was arbitrary and unreasonable and, therefore, void as against public policy. Our opinion that the 90-day requirement is generally unenforceable is predicated on the more general grounds of the latter holding.

Since the Burne case was concerned with accidental death clauses in life insurance policies, the

question arises as to whether the basic principles of that case should be extended to all lines of insurance that include accidental death benefit clauses. The question also arises as to whether any time limitation, no matter how long, is an acceptable provision in an accidental death benefit clause.

There does not seem to be any type of insurance policy which has a double indemnity accidental death benefit clause to which the reasoning of the Burne case would not be applicable. Therefore, the basic principle of Burne can be extended to all lines of insurance that include accidental death benefit clauses.

The insured in Burne died four and one-half years after the accident. By permitting double indemnification after four and one-half years, the court implicitly held that any time period limitation restricting recovery of accidental death benefits where death is caused by accident is invalid. We are, therefore, of the opinion that any time limitation, regardless of how long, might be arbitrary and capricious and thus void as against public policy. If there is a contested fact of whether the cause of death was accidental, the issue can be resolved without cutting off the right of the insured on the basis of an arbitrary time limit.

Common sense dictates that approval or disapproval of contract forms calls for the exercise of reasonable discretion. The insurer as well as the insured deserves the protection of the commissioner in avoiding unlawful provisions. The same reason exists for similar protection in the avoidance of ambiguous or other unwarranted provisions.

The adhesive nature of an insurance contract calls for the sound judgment of the commissioner to prohibit limiting provisions which are unanticipated and which are not clearly brought to the attention of the

insured. Accordingly, irrespective of any contention that Burne is being construed too broadly, the commissioner, in the sound exercise of his discretion, can refuse to approve policies which purport to cut off accidental death benefits by any arbitrary time limit. Of course, as provided in 40 PS §477b, notice of such refusal, specifying the reason therefor, must be given, and the issue can be tested by hearing and subsequent judicial review.

In conclusion, it is our opinion, and you are accordingly advised, that all time limitations in regard to accidental death clauses in all lines of insurance can be considered void as contrary to public policy. Insurance policies that have been approved by the Insurance Department containing like clauses may be disapproved to exclude such provisions. By the same token, all new policies that are submitted to the Insurance Department for its approval may be disapproved if they contain such a clause.