## Levin, Appellant, v. Scranton Life Ins. Co.

Argued April 23, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer and Maxey, JJ.

*Abraham Wernick,* of *Evans & Wernick,* for appellant.

*W. Heyward Myers, Jr., W. J. Fitzgerald* and *Morgan, Lewis & Bockius,* for appellee, were not heard.

PER CURIAM, May 11, 1931:

In this action, plaintiff Yetta Levin sued to recover insurance on the life of her husband, Harry Levin, under a policy issued to him by the Scranton Life Insurance Co., in which Mrs. Levin was named as beneficiary. Both plaintiff and defendant presented points for binding instructions. The trial judge affirmed plaintiff's point and a verdict of $6,530 was rendered in her favor, whereupon defendant moved for judgment n. o. v. upon the whole record in accordance with provisions of the Act of Assembly of April 22, 1905, P. L. 286, which motion was sustained by the court in banc and judgment entered for defendant, from which plaintiff appeals.

The facts are not disputed. The insurance policy, dated April 12, 1927, contains the following provisions: "Scranton Life Insurance Company agrees to pay the sum of Three Thousand Dollars......upon receipt of due proof of the death during the continuance of this policy of Harry Levin, the insured......, to Yetta

Levin, wife of the insured...... All premiums are payable in advance...... If any premium or installment thereof be not paid before the end of the period of grace, then this policy shall immediately cease and become void...... In the payment of any premium, except the first, under this policy, a grace period of thirty-one days without interest will be allowed, during which time the policy will remain in force; but any such overdue premium shall be considered in default. If death occurs within the grace period the unpaid premium for the then current policy-year shall be deducted from the amount of the insurance payable." Supplemental to the above provisions, an "Accidental Death Benefit Rider," which is part of the policy, provides: "Upon receipt of due proof that the death of the insured occurred while the said policy was in full force and effect, by accidental drowning, or in consequence of bodily injury effected solely through external, violent and accidental means ......; and upon further proof that such death occurred within seventy days after such injury was sustained and as a direct result thereof, independently and exclusively of all other causes, the Scranton Life Insurance Co. will pay an additional amount equal to the amount stated and described in the face of said policy as the amount insured," subject to conditions not involved here.

Harry Levin died on May 21, 1929, as the result of an accidental injury sustained on May 11, 1929. He had paid the premiums due on his policy in 1927 and 1928, but the premium due April 12, 1929, was not paid when due nor within the grace period, which expired May 13, 1929. Plaintiff contends (and the trial judge so instructed the jury) that the liability of the insurance company under the accidental death benefit rider was fixed as of the date of the accidental injury which subsequently caused the death of the insured; that from the time the injury was received, "plaintiff had a vested right or claim against the company" relying on Burk-

heiser v. Mutual Accident Assn., etc., 61 Fed. R. 816. We agree with the court below in its opinion on the motion for judgment non obstante veredicto that the case referred to is not applicable, because there the insurance was for bodily injury, with provisions as to the amount of payment in event of specified consequences; whereas here, the insurance is for death, with double liability on defendant should the death occur under designated circumstances. There "the contract......had relation to the time of the happening of the accident, not to the time of death. Here defendant's contract in case of death by accident, was contingent upon the policy being in force at the time of death"; and by reason of the nonpayment, before expiration of the period of grace, of premiums due, the policy in this case became void eight days before the death of insured occurred. As the court below well says, "This policy is a life insurance policy under the terms of which the insurance is payable on death and is distinguished from a policy of accident insurance where benefits are payable for accidental injuries resulting in disability or death. In the latter, the indemnity is against accidental injuries, while in the former, the indemnity is against death. The death having occurred on May 21, 1929, the policy was not in force on that day, it having lapsed by reason of failure to pay the premium due on May 13, 1929, the last day of grace permitted under the policy: Brams v. New York Life Ins. Co., 299 Pa. 11."

The judgment of the court below is affirmed.