## ROSE v NEW YORK LIFE INSURANCE COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12165. Decided May 23, 1932

Friebolin & Byers, Cleveland, for plaintiff in error.

Garfield, Cross, MacGregor, Daoust and Baldwin, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist), sitting.

SHERICK, PJ.

It further appears that, during the trial of this case, it was strenuously insisted on behalf of Rose that the policies in question, and particularly the quoted paragraph of the policies hereinbefore set forth, were ambiguous. Counsel for plaintiff in error seemed at the time to have in part convinced the court that such was true, and in the absence of the jury the court did hear testimony tending to explain what was then considered as unclear and ambiguous phrases in the contracts of insurance, but as previously indicated, the trial court had a change of mind in this respect and came to the ultimate conclusion that the questions presented were but questions of law and not of fact. We believe that the court was right in its final conclusion on the matter of ambiguities.

Reverting to the quoted paragraph of the contracts of insurance, it seems plain and clear that the liability assumed by the company under these policies was not such as are ordinarily assumed under a general sick and accident policy, and that the company under the contract sued upon bound itself only to pay benefits in the case of a total and permanent disability, or total and presumably permanent disability. The policy required as a condition precedent to the right of the assured to such benefits, that proof of loss be made as provided by the contract of insurance, and that such must show that the insured is totally disabled at the time of filing his proof, and that the insured is either in fact permanently disabled, or has been disabled for a period of three consecutive months immediately preceding the filing of his proof.

In the instant case the plaintiff had fully recovered on April 21st and proof of loss was not made during the time of his disability, but was made practically two months thereafter, that is, not until July 12th did proof of loss come to the hand of the company.

On the matter of ambiguity we might further say that it is not the province of a court to conclude that an uncertainty in a contract exists when in fact there is no such ambiguity. To so do, a court would but lead itself into the recognized rule that where an ambiguity is present the contract should be construed in favor of the insured. Thereby the sanctity of a written contract would be destroyed and injustice done.

The plaintiff must be held to have known what these written contracts specified. In fact it appears from the evidence in this case that but a short time prior to the plaintiff's incapacity he had acquiesced in and desired a rider to be attached to the policy which in fact contains the very provisions and things of which he now com-

plains.

The matter of ambiguity in this standard form of policy has been considered in:

McKenzie v Equitable Life Insurance Society, 251 N. Y. Supp., 528.

Gottlieb v New York Life Insurance Company, 240 N. Y. Supp., 568.

Northwestern Mutual Life Insurance Company v Dean, 157 SE, 878.

Courson v New York Life Ins. Co., 145 Atl., 530, and are enlightening on the question here raised.

As a second alleged ground of error the plaintiff asserts that if the giving of notice is a condition precedent in this case, that the defendant company waived the same. We see no merit in this contention. It is well said in **List and Son Co. v Chase, 80 Oh St, 42,** that "A waiver is a voluntary relinquishment of a known right."

Now the proof in this case does not disclose that the company knew that on May 29th that the plaintiff was not then totally disabled. It had a right to assume that the plaintiff in compliance with the terms of the policy was then totally disabled and seeking to make proof of his loss, and in making a full and complete investigation of the plaintiff's claim, it did but do the insured the favor of a full investigation. We see no reprehensible conduct in its procedure.

The facts in this case to our notion do not show that the company waived knowingly any of its rights, but the insured further advances that a waiver must be implied. It has been said that a waiver by implication cannot arise unless such facts have been developed as would work an estoppel. This, to our notion, is a sound rule, and it has further been repeatedly held that an implied waiver contrary to the intention of the parties whose rights would be injured thereby, cannot be affected unless the opposite party has been misled to his prejudice by the conduct of the other party. There is no fact in this case in any way showing that any act or conduct on the part of the defendant company has caused the plaintiff to change his position in any respect. He has not been prejudiced by any such act or conduct of the defendant company.

The rule is found to be well stated in 27 Ruling Case Law, pages 908 and 909.

It is, therefore, the conclusion of this court that no errors have intervened in the trial of this case prejudicial to the rights of the plaintiff in error, and the judgment will be and is, therefore, affirmed.

LEMERT and MONTGOMERY, JJ, concur.