## Courson, Exrx., Appellant, v. New York Life Ins. Co.

Argued January 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John C. Youngman* and *Max L. Mitchell,* for appellant.—Notice and proof of disability are not conditions precedent to liability upon the part of the insurer: Am. Fire Ins. Co. v. Hazen, 110 Pa. 530; Curran v. Ins. Co., 251 Pa. 420; Windsor Mfg. Co. v. Fire Ins. Co., 277 Pa. 374.

Seven years' delay in giving notice and making proof of disability is not unreasonable, the insured being insane throughout the entire period.

*Don M. Larrabee,* for appellee.—Requirement, in policy, to give notice of disability is a condition precedent to liability on part of insurer to waive payment of premiums: Whiteside v. Ins. Co., 200 N. Y. 320, 93 N. E. 948; New Eng. M. Life Ins. Co. v. Reynolds (Ala.), 116 S. 151; New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93; Wick v. Life Ins. Co., 175 Pac. 953; Mid-Continent Ins. Co., v. Skye, 113 Okla. 184, 240 Pac. 630; Worthen v. Life Assn., 53 N. Y. Sup. 685; McCann v. Supreme Conclave I. R. H., 119 Md. 655, 87

Atl. 383; Jones v. F. & Ac. Assn., 57 Pa. Superior Ct. 316.

Insanity of insured does not excuse failure to give notice of disability or claim waiver of premium, or to pay premium, as the required notice could be given or the premium paid by another acting for the insured: New Eng. M. Life Ins. Co. v. Reynolds, supra, Whiteside v. Ins. Co., supra; Wheeler v. Ins. Co., 82 N. Y. 543; Klein v. Ins. Co., 104 U. S. 88; Thompson v. Life Ins. Co., 104 U. S. 252; Smith v. Ins. Co., 11 W. N. C. 295; Scully v. Kirkpatrick, 79 Pa. 324; N. Y. L. Ins. Co. v. Alexander, supra; Wick v. Ins. Co., 175 Pac. 953 Carpenter v. Life Assn., 68 Iowa 453, 27 N. W. 456, Scheiber v. Home Circle, 146 Ill. App. 574; Whitlow v. Camp W. O. W., 202 N. W. 249; Tyson v. Life A. Soc., 144 Ga. 729; Hatch v. Casualty Co. (Mass.), 83 N. E. 398; Gaterman v. Ins. Co., 1 Mo. App. 300; Smith v. Camp W. W., 179 Mo. 119, 77 S. W. 862.

Where facts are not in dispute, the delay in giving notice may be so great as to justify the court as a matter of law in finding it a bar to recovery: Bartels Brewing Co. v. Indemnity Co., 251 Pa. 63, 65.

OPINION BY MR. JUSTICE SCHAFFER, February 11, 1929:

This is an action to recover from defendant insurance company seven annual premiums which had been paid to it on a policy of life insurance issued to plaintiff's decedent, payment having been made while he was insane. The court held that under the terms of the contract there could be no recovery and entered judgment for defendant on its affidavit of defense in the nature of a demurrer. Plaintiff has appealed.

The policy provides for the payment of an annual premium of $643.76 and stipulates "After one full annual premium has been paid, the company, *by endorsement on this policy,* will waive payment of premium under the conditions stated in section 8, entitled 'Waiver of premium.'" Section 8 is thus worded: "The company,

by endorsement hereon, will waive payment of the premiums thereafter becoming due, if the insured, before attaining the age of sixty years and after paying at least one full annual premium and before default in the payment of any subsequent premium, *shall furnish proof satisfactory to the company* that he has become wholly and permanently disabled by bodily injury or by disease so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for remuneration or profit, or from following any gainful occupation. Any premiums so waived shall not be deducted from the sums payable under the policy, and the values provided for in section '15, Cash loans' and section '17, Benefits on Surrender or Lapse,' shall be the same as if such premiums had been paid in cash. Provided that, notwithstanding proof of disability may have been accepted by the company as satisfactory, the insured shall at any time, on demand, furnish the company satisfactory proof of the continuance of such disability; and if the insured shall fail to furnish such proof, or if it shall appear to the company that the insured is able to perform any work or to follow any occupation whatsoever for remuneration, gain or profit, all premiums thereafter falling due must be paid in conformity with this contract."

The statement of claim sets forth that, after one annual premium had been paid, the insured became mentally deranged and disordered and so continued until his death, and that, as a result of his mental condition, he was totally and permanently disabled. It was admitted that he did not notify defendant of his disability or claim a waiver of the payment of premiums because of his insanity, but continued to pay them annually as required by the policy for seven years, until he died. It was set forth in the statement that the decedent, because of his mental derangement, did not know or realize that he was wholly and permanently disabled or that the

contract of insurance provided for a waiver of premiums in that event.

It is argued by appellant that notice and proof of disability are not conditions precedent to liability by the insurer for the premiums paid and she calls attention to the distinction which certain courts have drawn between conditions in insurance policies which must be fulfilled by the insured prior to the happening of the casualty insured against and conditions which are to be fulfilled subsequent thereto, that pre-casualty conditions are construed strictly while after-casualty are more liberally construed, citing as an instance of the first the nonpayment of a premium and of the latter the furnishing of proofs of death. We do not regard the giving of notice of disability as a condition subsequent but as a condition precedent. It is so by the very terms of the policy: "The company, *by endorsement hereon,* will waive payment of the premiums *thereafter* becoming due, *if the insured ...... shall furnish proof satisfactory to the company* that he has become wholly and permanently disabled." The company was only to waive the premiums and endorse the waiver on the policy if the policy holder had furnished proof satisfactory to the company of his disability. It was the judge of the proof. The requirement of notice of the disability before the company acted was a salutary one. It enabled the company to investigate before waiving payment of the premiums and guarded it against malingerers and frauds. We are not here concerned with a lapsing of the policy; it was in full force when death came and the insured's beneficiary is now receiving the sums which the policy provides. What is being tried is to recover back the premiums paid without having given the company opportunity to look into the matter while its insured was alive as to whether his actual disability was such as to lead the company to waive their payment. It is true, as appellant points out, that the Supreme Court of South Carolina in Levan v. Metropolitan Life Ins. Co., 138 S.

C. 253, 136 S. E. 304, under a somewhat similar provision in a policy, held that a delay in paying the premium because the insured was insane did not forfeit it because of the waiver provision. Here we are not dealing with the lapsing of a policy because the premium was not paid as a result of insanity with a disability clause in effect, but with an endeavor to take back the premiums paid where the insured had not met the requirements of the contract. Pfeiffer v. Missouri State Life Ins. Co., 174 Ark. 783, 297 S. W. 847, is likewise a case where it was sought to forfeit the policy. We are not required to state what our judgment would be under such a state of facts. The conclusion to which we have come, that the furnishing of proof of disability was a condition precedent to a waiver of the premiums, was reached by the Supreme Court of Alabama in New England Mutual Life Ins. Co. v. Reynolds, 116 So. 151. See also Whiteside v. North American Accident Ins. Co., 200 N. Y. 320, 93 N. E. 948.

The judgment is affirmed.