Brams, Appellant, *v.* New York Life Insurance Co.

Argued December 3, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Matthew K. Stevens*, with him *A. J. Nydick*, for appellant.—There was no default in the policy until the expiration of the grace period.

Days of grace are regarded in law as a matter of right and not as a mere favor: Bank of Washington v. Triplet, 26 U. S. 25; McMaster's Case, 183 U. S. 25; Gottlieb v. Ins. Co., 225 Pa. 102.

*Arthur G. Dickson*, for appellee.

OPINION BY MR. JUSTICE SADLER, January 6, 1930:

William Brams was insured by the defendant company on February 11, 1929, for $3,000, which issued its policy naming Lina Brams, the mother and present plaintiff, as beneficiary. By the contract, the insured agreed to pay a semiannual premium. The amount due on August 11th of the same year was left unsatisfied, and no reason given for the default until September 6th, when, as the jury has found, a letter was sent to the insurer by a sister stating that her brother was sick, and that he would pay the sum owing as soon as he "got

well" and "on his feet." No notice of any permanent disability then existing was furnished, nor was any payment of the overdue premium then or thereafter made by the beneficiary. Brams died on November 21st, and subsequently a claim for the amount of the insurance was presented. A refusal to comply with the demand led to the institution of the present suit. One question of fact, as to whether the letter of September 6th had been forwarded, was submitted to the jury, which found affirmatively. The right to recover under the terms of the contract, notwithstanding the receipt of the communication referred to, was reserved, and, after due consideration, judgment was entered for defendant, from which this appeal was taken.

The correctness of the conclusion reached depends upon the construction of the terms of the written contract, having in mind that, in case of doubt or ambiguity, its provisions will be viewed in the light most favorable to the insured, since, if possible, in such cases, an interpretation which would work a forfeiture must be avoided: Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 311; McMaster v. New York Life Ins. Co., 183 U. S. 25. The first premium had been paid, but the second became due on August 11th, and it was not liquidated. No reason for the default was given until September 6th, when the company was advised of the insured's illness, but that in itself furnished no excuse for noncompliance with the terms of the contract: Smith v. Penn Mutual L. Ins. Co., 11 W. N. C. 295; 14 R. C. L. 987; 5 R. C. L. Supp. 3723; note A. L. R. 318. The policy expressly provided that: "All premiums are payable on or before their due date at the home office of the company...... The payment of the premium shall not maintain the policy in force beyond the date when the next payment becomes due, except as to the benefits provided for herein after default in premium payment." The obligation of defendant therefore ceased on August 11th, when the insured failed to pay the amount due,

and no recovery could be had, unless liability was extended by other clauses of the contract referred to. The company was under no obligation to give formal notice of forfeiture: Lantz v. Vermont L. Ins. Co., 139 Pa. 546; Rhodes v. Mutual L. Ins. Co., 56 Pa. Superior Ct. 233.

The first exception reads as follows: "If any premium is not paid on or before the day it falls due the policyholder is in default; but a grace of one month...... will be allowed for the payment of every premium after the first, during which time the insurance continues in force." By this provision the insurance was continued effective for an additional month, during which the overdue premium could be paid, but this was not done either by the insured or the beneficiary. For that period he was "in default," but an actual satisfaction of the sum owing during the time fixed would have made possible a recovery: Gottlieb v. Lincoln Mutual L. Ins. Co., 225 Pa. 102; McMaster v. New York Life Ins. Co., supra.

The contention is made that liability exists, notwithstanding insured was "in default," because of another provision, which reads, "Upon receipt at the company's home office, before default in payment of premium, of due proof that the insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the insured is, and, for a period of not less than three consecutive months immediately preceding receipt of proof, has been totally disabled as above defined, the following benefits will be granted." To come within this exception there must be presented to the company proof before default of the total disability for three prior consecutive months. Here, the only paper relied on is the letter of September 6th, stating merely that the insured was sick, and would pay as soon as he got well, clearly not a compliance with the provisions of the contract. The incapacity which must be established is defined in

the policy. It appears "whenever the insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit." The notice relied on gave no indication that total disability had existed for the time fixed prior to the default, or even that such physical condition was present on September 6th. Though sent within the grace period of one month allowed for the payment of overdue premiums, it did not comply with the express requirement of the policy when a waiving of necessity to pay arising from total disability was sought, and therefore it is not applicable in determining the rights of the parties here. In this regard, the case of Minnesota M. Life Ins. Co. v. Marshall, 29 Fed. (2d) 977, relied on by appellant, is to be distinguished, for there no formal proof of further incapacity was required.

Even if sufficient proof of total disability had been furnished within the grace period, it would have been insufficient because of failure to supply it prior to "the default," defined in the policy as to the time when the premium was by its terms fixed as payable, notwithstanding the special benefit granted of leave to make payment within a month thereafter. As was said by the court below: "What the waiver obviously was intended to cover was in regard to premiums falling due after the occurrence of a state of total disability, not premiums which fell due while the insured was still in a state of good health." In the present case, there was no proof of a total disablement as designated in the policy, either before the payment became due or during the month's grace thereafter. In Ætna Life Ins. Co. v. Palmer, 159 Ga. 371, 125 S. E. 828, cited by plaintiff, the proof was to be furnished six months before the installment became payable to the beneficiary, and it was held a recovery could be had though the inability to perform any labor did not begin until within the grace period allowed for payment of the premium. The case at bar presents

a different situation, and the authority cited is not controlling here.

It is contended that even if what has been said is legally accurate, yet plaintiff is entitled to recover by reason of still another clause in the contract, which reads: "In event of default in payment of premium after the insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the company not later than six months after said default." We cannot see that this aids the beneficiary in the present case. It likewise requires proof of a total incapacity to work, which has continued for three months. There was no notice given September 6th of any such condition of the insured, but only of a temporary illness, nor was such proof of disability filed before the end of the grace period, showing its continuance for three months. Indeed, the letter indicated the contrary. The record fails to show that the required information was given at any time prior to the death of the insured. If it had been furnished before the date fixed for the payment of the premium, or even within one month thereafter, and had disclosed a disability existing for three months before, there might be some force in appellant's argument that, under such circumstances, the policy was to be reinstated, though the insured was undoubtedly in default, yet no such proof was supplied.

An examination of the entire contract convinces us that it was correctly construed by the court below, and the right to recover properly denied.

The judgment is affirmed.