Perlman, Appellant, v. N. Y. Life Ins. Co.

414

Argued April 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Arthur M. Grossman,* for appellant.

*William H. Eckert,* and with him *Louis H. Cooke* and *Smith, Buchanan, Scott and Gordon,* for appellee.

OPINION BY KELLER, J., July 14, 1932:

The life insurance policy sued upon is not a contract of health insurance; it provides for the payment of benefits for total and permanent disability, and better to define or make clear what is meant by "total and permanent disability" it sets up certain standards which upon due proof being given the company that they exist—that is, are existing at the time such proof is made, not, did exist in the past—the company agrees that they shall be considered as "total and permanent disability" and entitle the insured to benefits as such, until such time as they may be relieved and the disability terminated.

The relevant portions of the policy will be found in the statement of the reporter.

An examination of these extracts will make it clear that the provisions for proof of disability are all in the present tense, or of a present and prospective character. Thus, (italics ours), "upon receipt of due proof that the insured *is* totally and presumably permanently disabled;" "Disability shall be considered total whenever the insured *is* so disabled by bodily injury or disease that he *is* wholly prevented from performing any work," etc.; "Upon receipt......of due proof that the insured *is* totally disabled as above defined, and *will be* continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but *establishes* that the insured *is,* and for a period of not less than three consecutive months immediately preceding receipt of proof *has been,* totally disabled as above defined," etc.

In the present case it is admitted that the insured was sick with pneumonia and consequently disabled from performing any work for a period of ninety-nine days, but that he had recovered from his illness and was able to perform work and follow his usual occupation or engage in business for remuneration or profit, before he made proof to the company of such disability; and such disability was, therefore, not continuing, nor existing at the time claim was made, nor for the three months immediately preceding the receipt of proof by the company. He was, therefore, not within the provisions of the policy entitling him to disability benefits. The furnishing of proof of existing disability was a condition precedent to the recovery of benefits and the waiver of payment of premiums: Courson Exrx. v. N. Y. Life Ins. Co., 295 Pa. 518; Brams v. N. Y. Life Ins. Co., 299 Pa. 11, 14.

We adopt the following excerpt from the opinion of the learned court below entering judgment for the defendant, non obstante veredicto. "It will be noted

that the company's liability was......made to depend upon receipt of proof not only of the fact of disability, but of the fact that such disability continues. Thrice the required proof is described as proof that 'the insured is......disabled', that is, disabled presently, at the moment of making proof. Again, if the proof submitted is not conclusive as to the permanency of disability, and that is this case, the requirement is that the disability must [exist and] have existed 'for a period of not less than three months *immediately preceding* receipt of proof.' Although it may have been of three months' duration, a disability which had terminated some four or five days before proof was received is not a disability which existed for three consecutive months 'immediately preceding receipt of proof'. The language employed in the policy is clear and unequivocal, and susceptible of but one meaning and construction: that the proof must show that the disability continues and has not theretofore ceased. The purpose of such provision is obvious. It was that benefits should be paid only for disabilities which, so far as could be ascertained, were permanent. It was not proposed to compensate for temporary disablements. If the disability continued for three consecutive months, it was presumably permanent, but if, before receipt of proof, the disability had ceased, what theretofore had appeared to be permanent was then demonstrated to have been merely temporary; for an incapacity thus limited in time, no intention to compensate can be found anywhere within the policy. This is not a case where enforcement of the provision as to proof voids the policy or works forfeiture. The policy yet continues as a contract of insurance on plaintiff's life, with provision for benefits in case of total and permanent disability hereafter. The parties have merely agreed, in their contract, that, as a condition precedent to liability by defendant to pay benefits and waive premiums, proof must be furnished that the

disability is a continuing one, and therefore actually or presumably permanent in character. We have no power to circumvent a bargain thus made and expressed.''

The policy contract in suit must not be confused in its terms with insurance contracts which provide for notice to the company of the happening of loss on a definite past date, such as loss by death, or by fire, or by casualty, etc., when, by their terms, the right of recovery accrues, and proof of loss is only a step in the procedure. This contract, relating as it does to a disability existing and continuing at the time claim is made and proof is given the company, makes the furnishing of such proof a condition precedent to the right to the benefits thus secured by the policy.

The eighth assignment of error is overruled. The others are dismissed. The judgment is affirmed.