Lucas, Appellant, *v.* John Hancock Mutual Life Insurance Company.

Argued September 26, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Albert L. Moise,* and with him *Alexander G. Stiefel,* for appellant.

*Ira Jewell Williams, Jr.,* with him *Richard H. Hol-*

*lenberg,* and *Charles M. Willits* of *Brown & Williams,* for appellee.

OPINION BY JAMES, J., February 1, 1935:

Plaintiff filed his statement of claim upon an insurance policy to which defendant filed an affidavit of defense raising questions of law which were sustained and judgment was entered for the defendant, from which order this appeal was taken.

Plaintiff's statement of claim, served January 4, 1934, alleged that on April 3, 1922, the defendant issued a life, health and accident policy containing a disability clause (hereinafter set forth); that since August 11, 1929, plaintiff was permanently and totally disabled within the terms of the policy; that because of a mistake of fact, plaintiff continued to pay the premiums due upon the policy until October 20, 1933, on which date he furnished to defendant proof of his total disability. On November 9, 1933, plaintiff received a check in the sum of $51.22, which represented a monthly installment due October 20, 1933, and a refund of the premium for $26.22, and that on November 20, 1933, he received a check in the sum of $25 for monthly payment due November 20, 1933, neither of which checks were deposited or cashed by the plaintiff.

Plaintiff claims a refund of all premiums paid since August 11, 1929, and the sum of $25 per month from August 11, 1929, to date of filing statement. Defendant raised the questions that both as to the premiums paid and the monthly payments due under the policy, plaintiff having failed to present due proof of disability, was barred. The relevant portions of the policy are as follows:

"TOTAL AND PERMANENT DISABILITY
BENEFIT PROVISION

1. If after the first premium or regular instalment

thereof shall have been paid ......, the Insured shall become wholly and permanently disabled by bodily injury or disease ......, so that thereby he will be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit whatsoever, then if there is no premium in default, ......, the Company *will upon receipt of due proof* of such disability, grant the following benefits subject to the terms and conditions herein set forth and to the payment of any unpaid balance of premiums for the first year hereunder and under the policy.

"2. Disability Occurring Before Age 60.—If such disability occurs before the Insured reaches the age of 60 years, the Company will waive the payment of further premiums, during the continuance of the disability, and will pay to the Insured, subject to the conditions and limitations of this provision, ........, a sum equal to one per centum of the face amount of the policy, ......, and a like sum monthly thereafter during the continuance of the disability, until the maturity of the policy."

Appellant's main contention is that the terms of the policy are ambiguous, and if any doubt exists as to the meaning of the policy, it should be resolved in favor of the interests of the assured. Undoubtedly, this is the rule which ordinarily governs, but when the terms of a policy are clear and unambiguous, we should not hesitate to say so: Urian v. Scranton Life Insurance Co., 310 Pa. 144, 165 A. 21.

Under the first provision, when the insured shall become wholly and permanently disabled, so that he will be wholly, continuously and permanently prevented from the pursuit of mental or manual labor for compensation, gain or profit, the company will upon receipt of due proof of such disability grant the benefits as provided in the second provision, which further

provides that it will be paid during the continuance of the disability, until the maturity of the policy. It appears that under these provisions due proof of the disability then existing is a condition precedent to the payment, not for the disability that has existed but for the disability then existing and which shall continue from the time that the company has due proof of the existence of the disability. The language clearly looks toward the future, and the word "grant" imports a future liability. The very purpose of the due proof clause is that prompt notice may be given, in order that the company may have an opportunity to make a fair investigation of the claim. The unfairness of plaintiff's position is best established by the present claim, in asserting a disability that had existed for more than four years prior to his filing proofs of his disability.

True it is that proof is not required at any definite time after the disability occurs, but the failure to furnish the proofs should not result in placing the burden for failure of its submission upon the company. The assured is surely in a better position to know of his condition than the company, who has no knowledge until due proof is submitted. We are convinced that the language of the policy is clear and unequivocal and susceptible of but one meaning and construction, that upon due proof being submitted, that payments will be made for the then existing disability and its continuance.

We are unable to distinguish on principle the question involved on this appeal from a similar question passed upon in Perlman v. N. Y. Life Insurance Co., 105 Pa. Superior Ct. 413, 161 A. 752, wherein Judge KELLER speaking for this court said (418): "This contract, relating as it does to a disability existing and continuing at the time claim is made and proof is given the company, makes the furnishing of

such proof a condition precedent to the right of the benefits thus secured by the policy.'' The furnishing of proof of an existing disability under a policy of insurance, containing a requirement that satisfactory proof be furnished the company, is a condition precedent to a waiver of the premiums: Courson v. N. Y. Life Insurance Co., 295 Pa. 518, and a policy, which requires due proof that the insured is and has been continuously and totally disabled is not effective until such proof is furnished. Brams v. N. Y. Life Insurance Co., 299 Pa. 11, 148 A. 855. The conclusion which we have reached that the furnishing of proof of disability is a condition precedent, is the same conclusion reached under policies of insurance construing similar rights by the decisions in the following cases: Perleman v. New York Life Ins. Co., 254 N. Y. S. 646; Corbett v. Phoenix Life Ins. Co., 259 N. Y. S. 221; Franklin Life Ins. Co. v. Fisher, 23 Pac. (2d) 151 (Okla., 1933); Bergholm v. Peoria Life, 284 U. S. 489, 76 L. Ed. 416 (1932); Orr v. Mutual Life, 64 F. (2d) 561, D. C. Mo. (1932); New York Life v. Farrell, 63 S. W. (2) 520, (1933) Yohalem v. Columbian National Life, 240 N. Y. S. 666 (1930); Kasarsky v. New York Life, 260 N. Y. S. 769, (1932); Walters v. Jefferson Standard Life, 159 Tenn. 541, 20 S. W. 2d 1038 (1929); Jones v. New York Life, 158 Wash. 12, 290 Pac. 333 (1930); Gottlieb v. New York Life Ins. Co., 240 N. Y. S. 568 (1930); Penn Mutual Life Insurance Company v. Milton, 33 Ga. App. 634, 127 S. E. 798 (1925), and although we find some contrary opinions, we believe the weight of authority supports our conclusions.

Plaintiff's right to the refund of premiums cannot be distinguished from his right to disability, prior to the receipt of due proof. The waiver of the payment of further premiums is based upon the disability, proof of which is a condition precedent. To be entitled to a waiver of premiums, he must be suffering from a

disability, which is not determined until the due proof has been furnished. The waiver of premiums and the payment for disability are contained in the same clause and each is dependent upon the furnishing of due proof as provided in the first clause. What the "mistake of fact" was that caused plaintiff to continue to pay his premiums does not appear. He was bound by the terms of the policy and under the allegations of the declaration, we can only conjecture what the nature of the mistake was. The authorities which we have referred to in discussing the right to disability prior to furnishing of due proof of disability, some of which are directly in point, fully support this conclusion.

In the affidavit raising questions of law, defendant alleged that the statement of claim was insufficient except as to the claim for $25 per month, beginning October 20, 1933, for which period plaintiff's statement shows that checks had been received by him from the defendant, but have not been cashed or deposited, but it does not appear that any offer was made to return them. We do not believe that under this showing there is any doubt existing as to the only questions which are really in dispute under the allegations of the statement. We are convinced that upon the facts averred in the declaration, the law will not permit a recovery by the plaintiff.

Judgment affirmed.