## Jenkins, Appellant, *v.* Mutual Life Insurance Company of New York.

Argued March 9, 1938.

Before Keller,
P. J., Cunningham, Baldrige, Stadtfeld, Parker and
Rhodes, JJ.

*Mitchell Jenkins,* of *Jenkins, Turner & Jenkins,* for
appellant.

*James P. Harris,* with him *O'Malley, Hill, Harris &
Harris,* for appellee.

Opinion by Keller, P. J., April 13, 1938:

This was an action in assumpsit to recover total and
permanent disability benefits under a life insurance
policy. The court below entered judgment for the de-
fendant on an affidavit of defense raising questions of
law under section 20 of the Practice Act of 1915, P. L.
483. The judgment must be affirmed.

The policy was issued on March 4, 1926, when the
insured was fifty-three and a half years old. He was
born on September 4, 1872.

The policy provided that "if the insured is totally
and presumably permanently disabled before age 60
[the insurance company] will pay to the insured twenty
dollars monthly during such disability, besides waiving
premium payments, *all upon the conditions set forth
in section 3".* [Italics supplied.]

The conditions under which the insured would be
entitled to claim the disability benefits provided in the

policy are set forth under the heading, *"Section 3. Benefits in event of total and permanent disability."*

After defining total disability and permanent disability within the meaning of the policy it provides:

"When Benefits become Effective—If, before attaining the age of sixty years and while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the Insured so long as such disability continues."

Then follow the specific and detailed provisions as to the disability benefits covered by the policy, which it is not necessary to recite for the purposes of this case.

It will be noted that by the express provisions of the policy the disability benefits become effective—that is, are payable or recoverable under the policy—only if "before attaining the age of sixty years ...... the insured shall furnish to the company due proof that he is totally and permanently disabled" as defined in the policy.

Total and permanent disability must not only begin before the insured attains the age of sixty years, but due proof of that disability, as defined in the policy, must be furnished to the company before the insured attains that age, in order that liability for such disability may attach. Due proof to the company, before the insured becomes sixty years of age, of such total and permanent disability is, therefore, a condition precedent to the insured's right to the disability benefits provided in the policy.

The clause is so clear and unambiguous that no resort to the decisions of other jurisdictions or policy contracts containing dissimilar provisions is necessary or of advantage.

The case is governed in principle by the ruling of the Supreme Court in *Courson, Exrx., v. New York*

*Life Ins. Co.,* 295 Pa. 518, 145 A. 530, where the provisions of the policy, waiving the payment of premiums in case of total and permanent disability, were certainly no more definite and unambiguous than in the present case, and it was held that due proof to the company was a condition precedent, to be fulfilled, before liability for the benefit secured under the total and permanent disability provision attached. See also, *Lyford v. New England Mutual Life Ins. Co.,* 122 Pa. Superior Ct. 16, 184 A. 469. By the express provisions of the policy in the present case such proof had to be furnished the company before the insured attained the age of sixty years, or the disability benefits would not become effective.

The appellant did not comply with the condition on which the liability of the company to pay disability benefits was made dependent. He gave the company no notice of his alleged total and permanent disability until July 30, 1935, when he was nearly sixty-three years old, and then brought suit and sought to recover disability benefits from July 27, 1932, averring in his statement of claim that by reason of a certain operation on that date, followed by a second operation on June 12, 1933 and a stroke of paralysis on May 20, 1934, he has been totally and permanently disabled since July 27, 1932, and that he himself did not have knowledge of the total and permanent nature of his disability until on or about May 15, 1935.

It is unfortunate that the first operation which the insured underwent on July 27, 1932, and from which he avers he has never recovered, was so near the date when he became sixty years of age (September 4, 1932), that the clause providing that total disability should be presumed to be permanent if it "has existed continuously for ninety days" could not apply before the insured became sixty years of age. But neither that unfortunate circumstance nor the insured's own failure to realize

the permanent character of his disability until nearly three years after he became sixty years old can create a liability excluded by the clear and plain provisions of the policy. In *Courson v. New York Life Ins. Co.,* supra, failure to give notice was due to the mental condition of the insured, but that did not excuse his failure to comply with the condition precedent of due notice to the company.

As we said in the Lyford case: "The clause, making the furnishing of due proof of total and permanent disability a condition precedent to liability, is a proper, reasonable and salutary one to prevent fraud and deception being practiced on the insurer. The necessity for some such provision is recognized in *Courson v. N. Y. Life Ins. Co.,* supra, *Lucas v. John Hancock Mut. Life Ins. Co.* supra, [116 Pa. Superior Ct. 298, 176 A. 514], and *Perlman v. N. Y. Life Ins. Co.,* 105 Pa. Superior Ct. 413, 161 A. 752. Without it the company might be called on to pay claims four years old, as in the Lucas case, or even twenty-five years old, as suggested in *Wick v. Western Union Life Ins. Co.,* 104 Wash. 129, 175 Pac. 953, at a time when it had become impossible to test the truth and justice of the claim."

The appellant relies chiefly on the ruling of the Supreme Court in *Leslie v. Metropolitan Life Ins. Co.,* 320 Pa. 87, 181 A. 562, where the policy contained a provision insuring against certain specific accidental injuries and also against death resulting within ninety days from bodily injuries caused by violent and accidental means. On January 11, 1932, the insured struck his forehead on the open door of a medicine cabinet. He continued to work until February 18, 1932, when he became sick and was taken to his home and thence to a hospital where a decompression operation was performed on his skull, and he died on March 3, 1932, as a result of the blow to his head. On February 26, 1932 the plaintiff, the insured's wife, notified the company of

the accident and of his serious condition as the result of it. The company denied liability because notice of the accident had not been given in accordance with the terms of the policy which provided that "written notice of injury, on which claim may be based, must be given to the company within twenty days after the date of the accident causing such injury." The Supreme Court, in an opinion by Mr. Justice SCHAFFER,—who, also, wrote the opinion in the Courson case—pointed out that the policy insured against specified injuries only, and "as the accident did not apparently produce such within twenty days, it is somewhat difficult to see how the provision as to notice just recited has any application. Evidently the insured regarded his injuries as but slight, since he continued to work. He certainly believed that they did not constitute any of those which the contract enumerated. No one holding such a policy would think that, because he had struck his head in the way the deceased did, failure to give notice of such an accident would bar recovery for an injury which later developed therefrom ...... Moreover, a further provision of the policy in suit states that 'Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice, and that notice was given as soon as was reasonably possible.' The instant situation would seem to be exactly such as is covered by this provision. It is not disputed that plaintiff gave notice of the insured's injury within a reasonably close time after it became apparent on February 18th, and, since no injury compensable under the policy had apparently occurred before that date, it was not reasonably possible for plaintiff to give notice of the fact before then."

The differences above-recited in the material facts and in the provisions relating to notice to the insurance company distinguish that case from this one and

render the decision there inapplicable here. In the Leslie case failure to give the required notice of the accident would have the effect of invalidating a claim for liability which had attached. In the present case, notice and due proof to the company, before the insured became sixty years of age, of the alleged total and permanent disability was a condition precedent to the attaching of liability.

Judgment affirmed.