Buntz, Appellant, *v.* General American Life Insurance Company.

Argued April 18, 1939.

Before

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Louis Vaira,* with him *C. O. Devore* and *Joseph J. Benedict,* for appellant.

*P. K. Motheral,* with him *Reed, Smith, Shaw & McClay,* for appellee.

Opinion by Rhodes, J., June 28, 1939.

May plaintiff, holder of a certificate issued under a group policy of life insurance, recover thereon because he became totally and permanently disabled while the certificate was in force, although he failed to furnish due proof of his disability as required by the policy until after his certificate of insurance had been terminated by reason of his nonpayment of the premium?

The trial judge, sitting without a jury, found for the defendant, and plaintiff has appealed.

The facts appear in a statement of the case submitted by the parties pursuant to rule 56 of this court, and are as follows:

"1. That Andrew A. Buntz, the plaintiff, was, between November, 1930, and January 12, 1931, totally and permanently disabled.

"2. At that time and at the time of the total and permanent disability, he was the holder of a certificate of insurance evidenced by Certificate No. K-2364 under a group policy of insurance No. G-2069 of the General American Life Insurance Company, successors to Missouri State Life Insurance Company, issued to Employees' Insurance Association of the American Sheet and Tin Plate Company.

"3. Certificate No. K-2364, issued March 1, 1929, to the plaintiff under Group Policy No. G-2069, contained

the following clause regarding benefits: 'If the Member shall furnish the Company with due proof that before having attained the age of sixty years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the Company will immediately pay to the Member in full settlement of all obligations hereunder, the amount of insurance in force hereunder on the Member at the time of the approval by the Company of the proofs as aforesaid.' and the following clause regarding termination of insurance: 'The insurance provided by the said policy terminates with the termination of membership in the Association unless the Member shall elect to continue the insurance in accordance with the conversion privilege given on the second page of this certificate.'

"Said Policy No. G-2069 contained the following clause regarding termination of insurance on any member: 'The amount of insurance on any member insured hereunder, the date on which said insurance shall become effective, and the date on which said insurance shall be terminated shall be determined in accordance with the terms and provisions of the attached copy of the by-laws and rules and regulations of the Association, which is made a part hereof.'

"4. Premiums had been paid upon and the policies were in force at the time of the disability aforesaid.

"5. No proof was furnished for a period of a year after January 12, 1931, nor until March 20, 1934.

"6. The by-laws of the Association provide: Article I, Section 4. '(a) In the event of the cessation of employment of a member with the Company for any reason whatsoever, except under the circumstances covered in the following paragraph, his or her membership in

the Association and his or her insurance shall terminate at the end of the calendar month for which dues have last been deducted from his or her pay by the Company.' '(b) in the event an employee is disabled, given leave of absence, temporarily laid off, retired or pensioned by the Company, his or her membership in the Association may continue by paying his or her dues monthly in advance.'

"7. Andrew A. Buntz last worked for the company January 12, 1931, and received his last pay on February 13, 1931.

"8. In February of 1931, H. F. Yeaton, pay-master of the National Works of the American Sheet and Tin Plate Company, where Andrew A. Buntz had worked, talked with the plaintiff in the Company office and asked him to pay his insurance because if he did not, it would be terminated.

"9. Thereafter no payments of premium were received from Andrew A. Buntz or from any one in his behalf.

"10. Thereafter notice of termination of the insurance of Andrew A. Buntz was sent by the Employees' Insurance Association of the American Sheet & Tin Plate Company to the proper office of the defendant Company, notifying the defendant Company that Andrew A. Buntz' policy of insurance had terminated January 31, 1931.

"11. On March 20, 1934, the plaintiff, Andrew A. Buntz, offered due proof to the defendant company that he was under the age of sixty years and totally and permanently disabled by bodily injury and wholly prevented from engaging in any gainful occupation, and demanded the payment of $1,000 under his certificate of insurance. The payment was refused by the defendant Company."

Appellant insists that the disability clause as set

forth in paragraph 3 of the above statement of facts is ambiguous. It is said that the concluding phrase "at the time of the approval by the Company of the proofs as aforesaid" may be read as referring to the time of payment of the amount of insurance as well as to "the amount of insurance in force hereunder," and we are urged to resolve this ambiguity in appellant's favor. Appellant's interpretation would have the clause in question read: "At the time of the approval by the company of the proofs as aforesaid the company will immediately pay to the member in full settlement of all obligations hereunder the amount of insurance in force hereunder." On the other hand, appellee argues that the order of the words as they appear in the disability clause creates no doubt, and that the clause "at the time of approval by the company of the proofs as aforesaid" refers to and limits the words immediately preceding it, namely, "the amount of insurance in force hereunder." In our opinion the latter interpretation is correct. It is in accord with the "elementary principle of interpretation that all phrases and sentences are to be construed according to the rules of grammar; and these 'require as a general thing, a limiting clause or phrase, following several expressions to which it might be applicable, to be restrained to the last antecedent': Endlich on Interpretation of Statutes, secs. 2 and 414": *Chestnut Hill and Spring House Turnpike Road Co. v. Montgomery County*, 228 Pa. 1, at page 6, 76 A. 726, at page 727. The entire contract has not been printed so that our consideration is limited to the portions above quoted. While it is true that the grammatical construction of a contract will not be followed if a different construction will give better effect to the intention of the parties as shown by the whole instrument and accomplish the object for which the contract was executed (13 C. J. p. 534, §493), still we find nothing in what is before us that is not in accord with our

previous interpretation. The result is that if there was no insurance in force under the certificate when appellant's proof should otherwise have been approved by appellee, appellant may not recover.

But counsel for appellant contend that "plaintiff's rights in this policy became fixed and vested on January 12, 1931, when he was forced to leave work because of his disability. The payment of benefits, however, was subject to the condition precedent that the permanent nature of the disability be proved in the manner prescribed by the certificate. In other words, the furnishing of proof of disability was a condition precedent to recovery but not to liability." Conversely the contention of appellee is that the furnishing of due proof of disability while the certificate was in force was a condition precedent to its liability under the policy. If appellee is correct, then, under the facts above recited, it follows that appellee's liability never arose while the policy was in force, and appellant must fail.

The variety of terminology employed in clauses of this kind makes it difficult, and sometimes impossible, to point to another case which may be said to be analogous to the one at bar. However, there is no difference in principle between the present case and others recently decided by this court and the Supreme Court. It must be regarded as well settled that where a policy of life insurance provides that disability benefits will be payable upon receipt of due proof that the insured has become totally and permanently disabled, the furnishing of the proof of disability is a condition precedent.[1] We think the furnishing of due proof of dis-

---

[1] *Equitable Life Assurance Society of the United States v. McCausland et ux.,* 331 Pa. 107, 111, 200 A. 85; *Courson v. New York Life Ins. Co.,* 295 Pa. 518, 522, 145 A. 530; *Brams v. New York Life Ins. Co.,* 299 Pa. 11, 148 A. 855; *Perlman v. New York Life Ins. Co.,* 105 Pa. Superior Ct. 413, 416, 161 A. 752; *Lucas v. John Hancock Mutual Life Ins. Co.,* 116 Pa. Superior Ct. 298, 302, 176 A. 514; *Lyford v. New England Mutual Life Ins. Co. of*

ability here was a condition precedent not to payment merely, but to the liability of appellee therefor.

Appellant became totally and permanently disabled between November, 1930, and January 12, 1931, but no proof thereof was furnished to appellee until March 20, 1934, more than three years later. "As we said in the Lyford case: 'The clause, making the furnishing of due proof of total and permanent disability a condition precedent to liability, is a proper, reasonable and salutary one to prevent fraud and deception being practiced on the insurer. The necessity for some such provision is recognized in *Courson v. New York Life Ins. Co.*, supra [295 Pa. 518, 145 A. 530], *Lucas v. John Hancock Mut. Life Ins. Co.*, supra [116 Pa. Superior Ct. 298, 176 A. 514], and *Perlman v. New York Life Ins. Co.*, 105 Pa. Superior Ct. 413, 161 A. 752. Without it the company might be called on to pay claims four years old, as in the Lucas case, or even twenty-five years old, as suggested in *Wick v. Western Union Life Ins. Co.*, 104 Wash. 129, 175 Pac. 953, at a time when it had become impossible to test the truth and justice of the claim' ": *Jenkins v. Mutual Life Insurance Company of New York*, 130 Pa. Superior Ct. 442, at page 446, 198 A. 486, at page 488.

Although appellant was asked to pay the premiums on his insurance, and warned of the result that would follow his omission to perform that duty, he failed to comply. The ensuing termination of appellant's in-

*Boston,* 122 Pa. Superior Ct. 16, 20, 184 A. 469; *Bahas v. Equitable Life Assurance Society of United States,* 128 Pa. Superior Ct. 167, 171, 193 A. 344; *Jenkins v. Mutual Life Ins. Co. of New York,* 130 Pa. Superior Ct. 442, 444, 198 A. 486; *Garabedian v. Metropolitan Life Ins. Co.,* 135 Pa. Superior Ct. 320, 5 A. 2d 379, 381.

surance was caused by his own inaction, not by any action of his employer. The continuance or discontinuance of the insurance was a matter within appellant's control, and he chose not to keep it. The case at bar is not like those cases referred to by President Judge KELLER in *Lyford v. New England Mutual Life Insurance Co. of Boston,* supra, where a construction was given the policy which would prevent the employer from canceling the employe's insurance—and thus relieve the insurer from liability—where the employer had terminated the employment because of the employee's disability or incapacity after he had become totally and permanently disabled.

Appellant relies chiefly upon *Turley v. John Hancock Mutual Life Ins. Co. et al.,* 110 Pa. Superior Ct. 578, 168 A. 356, affirmed 315 Pa. 245, 173 A. 163. In that case, it suffices to say, the insured was not required by the contract to submit due proof of total and permanent disability as in the case at bar.

We are of the opinion, in view of the facts stated, that it is perfectly clear that the undertaking of appellee was to pay appellant the amount of insurance in force at the time of the approval by appellee of due proof that appellant had become totally and permanently disabled. Appellee's liability did not arise until such proof had been made. At that time there was no insurance in force, and consequently appellee owed appellant nothing.

Judgment is affirmed.