## Farmers Trust Company, Appellant, *v.* Reliance Life Insurance Company of Pittsburgh.

116

Argued March 14, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Frederick J. Templeton,* for appellant.

*Robert L. Myers, Jr.,* with him *John E. Myers,* for appellee.

OPINION BY STADTFELD, J., May 1, 1940:

This is an appeal by Farmers Trust Company, guardian of Charles L. Henderson, an incompetent person, from the judgment of the court below, in favor of the defendant, Reliance Life Insurance Company of Pittsburgh, Pennsylvania, sustaining the affidavit of defense raising questions of law.

The statement of claim, the legal sufficiency of which is questioned by the affidavit of defense, avers that on July 8, 1924, the defendant company issued to Charles L. Henderson a life insurance policy in consideration of an initial premium of $18.49, and a like sum payable on the 20th day of each December and June thereafter; that said policy provided inter alia as follows: "Total and Permanent Disability Benefits—If the Insured,

after one full year's premium has been paid on this policy and before a default in the payment of any subsequent premium or within sixty days after default, shall furnish proof satisfactory to the Company that while this policy is in force without default he has become totally and permanently disabled for life by bodily injury or disease, the Company will grant the following benefits: A.—If the disability occurs before the anniversary of the policy nearest to the rated age of sixty years. (1). Waiver of Premium.—Commencing with the anniversary of the policy next succeeding the receipt of such proof, the Company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the policy, the Company will not deduct the premiums so waived. In such event the cash, loan and surrender values shall increase from year to year and this policy shall participate in any distribution of surplus in like manner as if the premiums had been regularly and duly paid by the Insured. (2) Installment Payments.—Beginning immediately on receipt of such proof, the Company will pay to the Insured a monthly income of 1% of the face amount of the policy during the period of total and permanent disability until the death of the Insured. When the policy becomes a claim by death or matures as an endowment, the full face value of the policy shall be payable in accordance with its terms, less any existing indebtedness, without any deduction for income payments."

The statement of claim further avers that said Henderson paid the premiums up to and including the premium due December 20, 1937; that said Henderson, then 43 years old, became totally and permanently disabled by disease and mental illness on February 23, 1935; that by reason of his mental illness he was unable to know and appreciate the necessity for informing the defendant company of his disability and furnishing satisfactory proof thereof, and by reason of his mental

condition was unable to furnish the proofs required by the terms of the policy; that he is still totally and permanently disabled and is now a mental patient in a government hospital.

It is also averred that on April 25, 1939, the lower court adjudged Henderson an incompetent person and appointed the plaintiff, Farmers Trust Company, as guardian of his estate. This action of assumpsit was instituted June 10, 1939, to recover the monthly disability payments of $10 each from February 23, 1935.

The policy provided that if a premium be not paid within a grace period of one month following the date on which the premium was payable, the policy should become void, except for options of cash surrender value and paid-up insurance. It follows that the policy lapsed and became void on July 20, 1938, unless, as contended by plaintiff, the waiver of premiums clause was then operative to keep the policy in force. The company agreed to waive premiums and make monthly disability payments, *if the insured,* before default of any premium after the first or within 60 days after default, *shall furnish proof satisfactory to the company* of total and permanent disability. Plaintiff contends that the insanity of the insured excused him from furnishing proof of his disability and that by reason of the disability the waiver of premiums clause was operative, the policy was not terminated by default and the company is liable for the monthly disability payments.

It is the contention of the defendant that the furnishing of proofs of disability, as required by the policy, is a condition precedent to the waiver of premiums and that failure to furnish proof of disability before default in the payment of premium is not excused by the physical disability or the insanity of the insured.

The question, therefore, is whether insanity of the insured excuses failure to furnish proof of total and permanent disability where the company under its

policy agrees to waive premiums and make monthly disability payments if the insured furnishes such proof.

The precise question has never been decided by our appellate courts: *Equitable Life Assurance Society v. McCausland*, 331 Pa. 107, 111, 200 A. 85. In other jurisdictions there is a marked difference of judicial opinion. Some of the courts, adopting the view of the plaintiff, reach their decision on the ground that the furnishing of proofs of disability is a condition subsequent; others, on the ground that the provision as to proof is not clear and unambiguous and must be construed most favorably to the insured; and still others, simply on the ground that the contrary rule is too harsh on the insured.[1]

The question is one of interpretation of contract and should be governed by rules applicable thereto.

Our own appellate courts have repeatedly held that where a policy of life insurance provides that disability benefits will be payable upon receipt of due proof that the insured has become totally and permanently disabled, and that the payment of all premiums falling due after the receipt of such proof and during the continuance of such diability, will be waived, the furnishing of the proof of disability is a condition precedent: *Courson v. N. Y. Life Insurance Co.*, 295 Pa. 518, 145 A. 530; *Brams v. N. Y. Life Insurance Co.*, 299 Pa. 11,

---

[1] The following states seem to adopt the plaintiff's contention: Arkansas, Iowa, Kentucky, Louisiana, Nebraska, New Jersey, North Carolina, South Carolina, Texas, Virginia and Wisconsin. Almost an equal number take the contrary view, that furnishing proof is a condition precedent and is not excused by insanity or other incapacity: Alabama, Georgia, Kansas, Massachusetts, Mississippi, New York, Ohio, Tennessee, Washington and West Virginia. See cases collected in *Johnson v. Mutual Life Ins. Co. of N. Y.*, 293 U. S. 335, 338; and 59 A. L. R. 1080. To the cases there cited in accord with plaintiff's contention may be added *McCoy v. New York Life Ins. Co.*, 258 N. W. (Iowa) 320; *Hickman v. Pan American Life Ins. Co.*, 173 So. (La.) 742; *Baylor v. State Mutual Life Assur. Co.*, 174 Atl. (N. J.) 526; *Schlintz v. Equitable Life Assur. Society*, 276 N. W. (Wisc.) 336. Cases taking

148 A. 855; *Perlman v. N. Y. Life Insurance Co.*, 105 Pa. Superior Ct. 413, 161 A. 752; *Lucas v. John Hancock Mutual Life Insurance Co.*, 116 Pa. Superior Ct. 298, 176 A. 514; *Lyford v. New England Mutual Life Insurance Co.*, 122 Pa. Superior Ct. 16, 184 A. 469; *Jenkins v. Mutual Life Insurance Co. of N. Y.*, 130 Pa. Superior Ct. 442, 198 A. 486; *Garabedian v. Metropolitan Life Insurance Co.*, 135 Pa. Superior Ct. 320, 5 A. 2d, 379; *Buntz v. General American Life Insurance Co.*, 136 Pa. Superior Ct. 284, 7 A. 2d 93.

In the case of *Lucas v. John Hancock Mutual Life Insurance Co.*, supra, this court said, pp. 301, 302: "It appears that under these provisions due proof of the disability then existing is a condition precedent to the payment, not for disability that has existed, but for the disability then existing and which shall continue from the time that the company has due proof of the existence of the disability. The language clearly looks toward the future and the word 'grant' imports a future liability. The very purpose of the due proof clause is that prompt notice must be given in order that the company may have an opportunity to make a fair investigation of the claim. The unfairness of plaintiff's position is best established by the present claim, in asserting a disability that had existed for more than four years prior to his filing proofs of his disability. ...... To be entitled to a waiver of premiums, he must be suffering

---

the contrary view in addition to those cited are *Brown v. N. Y. Life Ins. Co.*, 188 S. E. (Ga.) 293; *Sherman v. Metropolitan Life Ins. Co.*, 8 N. E. 2d (Mass.) 892; *Yohalem v. Columbian Nat'l Life Ins. Co.*, 240 N. Y. S. 666.

Decisions of the Federal circuit courts of appeal may be found on both sides of the question. In accord with plaintiff's contention are: *Johnson v. Mutual Life Ins. Co. of N. Y.*, 70 Fed. 2d 41; *John Hancock Mutual Life Ins. Co. v. De Costa,* 88 Fed. 2d 479, and contrary are: *Egan v. N. Y. Life Ins. Co.*, 67 Fed. 2d 899; *Reingold v. N. Y. Life Ins. Co.*, 85 Fed. 2d 776. The Supreme Court of the United States has held that on this question it will follow the decisions of the state in which the policy was issued: *Johnson v. Mutual Life Ins. Co. of N. Y.*, 293 U. S. 335.

from a disability, which is not determined until the due proof has been furnished ......"

We quote from the very able and exhaustive opinion by REESE, J., in the instant case: "In the case cited (*Courson v. N. Y. Life Insurance Co.,* supra) plaintiff was relying on the agreement to waive premiums which, however, was operative only if the insured furnished proof of total and permanent disability, and the court disagreed with plaintiff's contention that failure to furnish proof was excused by insanity. In the present case, plaintiff is relying on the agreement to make monthly disability payments, which, however, is likewise operative only upon receipt of proof of disability. If failure to furnish proof of disability is not excused by insanity in an effort to enforce the agreement to waive premiums, then insanity will not excuse a similar failure in an effort to enforce the agreement to make monthly disability payments. Each obligation is conditioned on receipt of proof of disability. As stated in *Lucas v. John Hancock Mutual Life Ins. Co.,* 116 Pa. Super. 298, 302, 'Plaintiff's right to the refund of premiums cannot be distinguished from his right to disability (payments), prior to receipt of due proof.' For this reason we cannot in principle distinguish the Courson case from the one now before us."

In the latter case, the Supreme Court, through Mr. Justice SCHAFFER, said, at p. 522: "The company was only to waive the premiums and endorse the waiver on the policy if the policy holder had furnished proof satisfactory to the company of his disability. It was the judge of the proof. The requirement of notice of the disability before the company acted was a salutary one. It enabled the company to investigate before waiving payment of the premiums and guarded it against malingerers and frauds."

The terms of the policy under consideration are clear, plain and unambiguous, therefore the rule that they are to be construed most strongly in favor of the insured does not apply: *Lucas v. John Hancock Mutual Life In-*

*surance Co.,* supra; *Lyford v. New England Life Insurance Co.,* supra.

Quoting further from the opinion of the lower court: "We are particularly impressed with the reasoning of the court in *Sherman v. Metropolitan Life Ins. Co.,* 8 N. E. 2d (Mass.) 892, where the court held that insanity does not excuse failure to furnish proof of total and permanent disability. The court said that furnishing proof was not a mere condition of a liability arising independently. The obligation itself was limited to a period measured and defined by the receipt of proof. The receipt of due proof measures and bounds the insurer's liability . . . . . . To uphold plaintiff's contention would render uncertain the obligations of an insurer upon a supposedly lapsed policy.' To the same effect is *Lucas v. John Hancock Mutual Life Ins. Co.,* 116 Pa. Super. 298. Applying this reasoning to the policy before us it will be noted that the company agreed, if satisfactory proof of disability were furnished, to waive premiums *'commencing with the anniversary of the policy next succeeding the receipt of such proof,'* and also to make monthly disability payments *'beginning immediately on receipt of such proof.'* This language is plain and unambiguous and, as stated in the Massachusetts case, the receipt of proof measures and bounds the insurer's liability. The obligation to waive premiums and to make monthly disability payments did not 'commence' or 'begin' until receipt of proof . . . . . ."

HUGHES, C. J., said in *Williams v. Union Central Life Ins. Co.,* 291 U. S. 170, 180, with reference to a different question: "As there is no ambiguity in the provisions under consideration, there is no occasion for resort to the familiar principle that equivocal words should be construed against the insurer. While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate lan-

guage, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations."

The views expressed supra are in accord with the views of our own Supreme Court.

In *Equitable Life Assurance Society v. McCausland,* supra, the Supreme Court quoted a portion of the decision of KELLER, P. J. of our own court, in the case of *Lyford v. New England Mutual Life Insurance Co.,* supra, as follows, (p. 112) "It was said by President Judge KELLER in *Lyford v. New England Mutual Life Insurance Company of Boston,* supra, (p. 29) : 'The clause, making the furnishing of due proof of total and permanent disability a condition precedent to liability, is a proper, reasonable and salutary one to prevent fraud and deception being practiced on the insurer ...... Without it the company might be called on to pay claims four years old as in the Lucas case, or even twenty-five years old, as suggested in *Wick v. Western Union Life Ins. Co.,* 104 Wash. 129, 175 Pac. 953, at a time when it had become impossible to test the truth and justice of the claim; ......,' " See also *Jenkins v. Mutual Life Insurance Co. of N. Y.,* supra.

The reason requiring the giving of proof of disability is particularly applicable in the instant case. The statement alleges that the insured became disabled by insanity on February 23, 1935, yet he continued to pay the premiums on the policy and the company had no notice whatsoever of his condition of disability. If the plaintiff is entitled to disability payments as claimed, he would be entitled to the return of premiums paid since February 23, 1935, which would be contrary to the decisions of our appellate courts in the cases cited.

The only case in this state in which plaintiff's contention has been sustained and a contrary view expressed, is *Cohen v. New York Life Ins. Co.,* 29 D. & C. 383, wherein the question involved in the instant case has been discussed in a very able and comprehensive opinion by Judge FINE of Luzerne County, in which he

endeavors to support his conclusion by reference to the Restatement of the Law of Contracts, Section 301, Illustration 4, referred to in a footnote to *Equitable Life Assurance Society v. McCausland,* supra, p. 111. For the reasons hereinbefore stated, we cannot agree with the result reached in that case. We believe that the views expressed in the cases contrary to plaintiff's contention are sound and logical and more consistent with the construction placed on waiver of premium and disability clauses by our own appellate courts.

We are in accord with the conclusion reached by the court below and the reasoning in support thereof.

The assignment of error is overruled and the order of the court below is affirmed.